Windsor,<br>September,<br>1791

Paine and<br>Morris<br>vs.<br>Smead.

Verdict for the plaintiff.

## King Administrator of Ingersoll vs. Van Gilder.

A judgment rendered by a Justice of the Peace in another State, cannot be authenticated in the mode prescribed by the Act of Congress: a Justice of the Peace, as such, having neither a clerk, nor seal of his Court. Nor is any other proof of the record required, than the certificate of the Justice.

Such judgment is considered as a foreign judgment, is, *prima facie* evidence of the debt; but the defendant may impeach it, by shewing that it was irregularly or unjustly obtained.

THIS was an action of *assumpsit*, on a judgment recovered by Ingersoll, in his life-time, against the defendant, before a Justice of the Peace in the County of Berkshire, in Massachusetts, for the sum of £11, 12s. 8d. There had been no appearance of the defendant, and judgment was rendered on default, after an adjournment.

Chittenden,<br>January,<br>1797.

Plea—*Non Assumpsit.*

In support of the action, the plaintiff's counsel offered in evidence, a copy of the judgment, certified by the Justice, before whom the judgment had been recovered.

*Chittenden,*
*January,*
*1797*

*Ingersoll*
*vs*
*Van Gilder*

*Harrington,* for the defendant, objected to the evidence, for that the paper offered was no otherwise authenticated, than by the signature of D. Justice of the Peace—was not under seal—that the Court could not know D. to be a Justice of the Peace. To prove that D. was a Justice of the Peace, there should have been a certificate of the Governor of the State of Massachusetts.

*D. Chipman,* for the plaintiff. Records of judgments, rendered by Justices of the Peace, in the other States of the Union, certified by the Justice who rendered the judgment, have ever been admitted by this Court, without any other certificate or proof whatever. It has become a settled practice, and as no inconvenience has resulted from it, it ought not to be shaken.

Depositions, and the acknowledgements of deeds, have in like manner, been admitted, without any other certificate or proof, than the certificate of the magistrate taking them, and as the certificate of the magistrate has, in reason, the same weight in all these cases— the analogy of the law is preserved. It cannot be said that the act of Congress, providing for the authentication of Records, &c. embraces this case, a Justice of the Peace having no clerk or seal of his Court. There is no reason, therefore, why a practice, previously settled, should be disturbed by that act.

HALL, J. This case is not affected by the act of Congress. The certificate of the Justice, in such case has always been considered, *prima facie,* good; the copy of the record ought to be admitted.

WOODBRIDGE, J. I am of opinion, that the copy of the record offered, ought not to be admitted. The Court know nothing of the appointment of Justices of the Peace in other States, or of their jurisdiction. It would be unsafe to admit such copy, from one subscribing himself a Justice of the Peace, in another State, unless accompanied with some publick and authentick proof of his appointment and authority.

CHIPMAN, Ch J. The act of Congress has nothing to do with the case before us. In cases to which that act extends, I consider that we are bound to admit copies authenticated in the mode therein prescribed, and to allow the judgments their full effect, yet, they may be admitted on other proof of their authenticity; but, unless the record be authenticated agreeably to that act, the judgment will

be considered as having the effect of a foreign judgment only. I *Chittenden,* have doubts whether we ought to admit this copy of record, on the January, certificate of the Justice only; they have, however, been so admit- 1797. ted; the taking of depositions and the acknowledgements of deeds Ingersoll have ever been proved by such certificate. To require that the au- *vs* thority of Justices of the Peace, in other States, should be proved Van Gilder. by the certificate of the Governor, under the seal of the State, would in all matters of small value, be equivalent to a denial of justice, by reason of the expense of obtaining such proof. I am, therefore, at present, inclined to admit the copy of record.

The counsel for the defendant then took another exception to the record, that it does not appear that any legal service was made on the defendant. It appears by the record itself, that the defendant was an inhabitant of this State, at the time the suit was commenced, and consequently was not within the jurisdiction of the Justice. It is, indeed, stated in the record, that the defendant was summoned to answer, &c. but as the service could not have been personal, and as it does not appear in what manner the process was served, no presumption can be received to support it : The record ought there-fore, for this reason, to be excluded.

*D. Chipman,* for plaintiff. The copy which we offer, is not a copy of the writ and service merely, but a copy of the judgment in the usual form; in the same form in which judgments are entered in the higher Courts. We conceive it therefore to be *prima facie* evidence of the regularity of the judgment, and of the justice of the demand.

CHIPMAN, Ch. J. Although the defendant was an inhabitant of this State, at the time the suit was commenced, it does not render it impossible that the process was served on him personally, in the State of Massachusetts; and as the record appears regular on the face of it, the exception cannot prevail.

The cause was then argued to the Jury, by *D. Chipman,* for the plaintiff, and *Harrington* and *House* for the defendant.

CHIPMAN, Ch. J., in his charge to the Jury, observed, That the case and the law had been fairly stated to the Jury.—That the re-cord was, *prima facie,* evidence of a debt—that the law implied

*Chittenden,*
*January,*
*1797*

*Ingersoll*
*vs.*
*Van Gilder.*

a promise to pay it; but that considered as a foreign judgment on default, defendant might impeach it, by shewing that it was irregularly or unjustly obtained. 1 Doug. Walker et al. vs. Witter.

It was objected on the part of the defendant, that such judgment might, on a mere groundless pretence, at any time be obtained abroad against citizens of this State, and that it would not be possible to impeach it, as it could be done only by proving a negative. But this is incorrect; it would be in the power of the defendant in such case, to produce evidence which would raise a presumption that the plaintiff's demand was groundless, which would put the plaintiff to prove his demand, *de novo*, and the trial would then be had, and the case decided as though no judgment had been previously rendered. The defendant has in this case attempted no such defence.

Verdict for the plaintiff.