FRANKLIN,
*January,*
1842.

Boston India
Rubber Fac'y
*v.*
Hoit.

BOSTON INDIA RUBBER FACTORY *v.* ARCHIBALD HOIT.

An action of assumpsit will not lie upon the judgment of another of the American States. The declaration must be in debt, counting upon the judgment as a record.

In such case the court declined to suffer an amendment, changing the form of action from assumpsit to debt.

*Quære*—Whether such amendment might not be allowed upon payment of costs, and discharging bail and attachment taken upon the original writ.

ASSUMPSIT upon a judgment of the supreme judicial court of Massachusetts. The defendant demurred to the declaration and the county court adjudged it insufficient. The plaintiffs excepted.

*Stevens & Seymour,* for plaintiffs.

Assumpsit has been recognized as a proper form of action in a suit upon a foreign judgment, the judgment itself being the consideration of the implied promise and the foundation of the action.

The constitution and laws of the Union have not put the judgments of the several states, in all respects, upon the footing of domestic judgments. 2 Vt. R. 573, 5. 4 do. 58. 6 Pick. 239.

That *nul tiel record* has been decided to be a proper general issue, is no objection, for that plea is adopted to refer the decision to the proper tribunal, leaving all exceptions to the judgment to be taken by special plea. 4 Vt. R. 58. 6 Pick. 239.

The issue to an action upon an Irish judgment, in England, is *nul tiel record,* concluding to the country. 6 Pick. 238. 5 East, 473.

The *conclusiveness* of a judgment, furnishes no objection to raising an implied assumpsit. Doug. R. 402, 408. Kent's Comm. 2d vol. (Ed. '40) p. 120. 1 Chitty, 98. Cowp. 474. 9 Mass. R. 462. 6 Pick. 238.

This action being a more extensive, beneficial and less precarious remedy than that of debt, the court will be strongly inclined to sustain it.

Always, as well before as since judgments were decided to be conclusive, the action has been founded upon the judg-

Franklin,
January,
1842.

Boston India
Rubber Fac'y
*v.*
Hoit.

ment itself, and, although conclusive in evidence, there is no less an implied promise to pay.

The objection is technical. But, technically, the judgments of other states are not *records* here, nor are they *specialties,* which are sealed instruments. They are *quasi* records, as, before the constitution, they were *quasi* specialties.

How, until the fact is shown by plea, (or oyer in certain cases,) will it be known that the judgment is conclusive or not? And shall the form of action depend upon the special issue as to the jurisdiction, for it will not be denied that, if the judgment is merely *prima facie* evidence of the debt, assumpsit may be maintained. So it may be uncertain, (until found,) what would be the effect of the judgment in the state where rendered.

To allow assumpsit will give the plaintiffs an election of remedies with a view to avoid a multiplicity of suits, or as his convenience requires, or, in case the judgment shall prove merely *prima facie* evidence of the debt, in order to resort to his original cause of action.

*N. L. Whittemore,* for defendant.

I. A judgment of a court in a sister state, having jurisdiction of the parties and subject-matter, and where the parties had notice, is not in point of law a foreign judgment, and the adjudication upon the subject-matter in controversy is conclusive between the parties, and the merits of the original action cannot be inquired into by the courts of this state. *Hoxie* v. *Wright,* 2 Vt. R. 263. *Blodget* v. *Jordan,* 6 do. 580.

II. By the constitution of the United States, "full faith and credit shall be given in each state to the public acts, records and judicial proceedings of every other state." Con. U. S. Art. IV. § 1. A judgment of any other state implies absolute verity and is as conclusive as a judgment of our own state. If we are correct in this position, the irresistible conclusion is that the action of assumpsit cannot be sustained on the judgment in question, and the legitimate and only remedy is debt. *Wood* v. *Pettes, Tarbell & Co.* 4 Vt. R. 556.

III. The plaintiffs, by bringing assumpsit, have compelled the defendant to plead *non assumpsit.* If the defendant should plead *nul tiel* record or *nil debet,* the plea would be

manifestly improper, and, if we wish to deny the record itself, it must be done under the plea of *non assumpsit.*

The opinion of the court was delivered by

REDFIELD, J.—The only question to be determined in this case is whether an action of assumpsit will lie upon the judgment of a court of record of one of the states in the American Union.

It is a long settled rule of the common law, that such action will lie upon a foreign judgment. This is almost the only rule, which can be considered as satisfactorily settled in the English courts, in regard to foreign judgments. The courts of that country did indeed, for a long course of years, seem strongly inclined to treat foreign judgments as of the same force and validity, as a contract merely, which they had in the country where rendered ; holding that the jurisdiction of the court, the fairness of the proceedings, whether fraudulent or not, and the *fact of any judgment being rendered*, were examinable before the jury. Hence, it was held that the proper form of action was assumpsit, the whole matter lying *in pais.* Chancellor Kent, 2 Com. 120, and notes, and Mr. Justice Story, Conflict of Laws, p. 506, 507, both strongly incline to consider the conclusive effect of a foreign judgment, as a contract merely, the better doctrine, and as being well nigh settled. I would be well enough satisfied to think the law was so settled upon that point, for some little examination of the subject has satisfied me, that that is the only just basis upon which it can be settled. But I confess, that a comparison of the English laws upon the subject, for the last fifty or sixty years, would hardly show any rule upon that subject, fully acquiesced in. The case of *Martin v. Nicolls,* 3 Simons, 458, (5 Eng. Cond. Ch. R. 198,) is a very elaborate and a very satisfactory case in favor of the conclusive effect of foreign judgments. The same learned judge, (the Vice Chancellor,) reasserts the same doctrine in another very elaborate opinion, in 8 Simons, 279, with this qualification, that such judgments may be impeached by showing palpable fraud in their concoction. The last of these cases, was decided in May, 1837. Thus far the doctrine of the conclusiveness of a foreign judgment, so far as the effect of the adjudication, when fairly made, was concerned, seem-

Franklin,
January,
1842.

Boston India
Rubber Fac'y
v.
Hoit.

ed well settled, leaving the fact of the adjudication, the regularity and fairness of the proceedings and the jurisdiction of the court, both as to the subject-matter and the parties, to be inquired into before the jury, on proper state of the pleadings. This rendered it proper that the form of action should be assumpsit and the judgment evidence of a debt merely. But the last case upon this subject, which I have noticed in the English courts, *Smith* v.*Nicoll*, Hilary T. 1839, 38 Eng. C. L. 88, seems, as far any inference can be made from it, to be receding from this firm footing. But a single case in the English courts, at variance with former decisions, is not much to be relied upon. For the truth is, the English courts have always felt at liberty to depart from a rigid application of principles, whenever such application would be likely to produce obvious and flagrant injustice in the particular case. Hence the case last referred to is, so to speak, fitted to a sliding rule. A great deal is said of the inconclusiveness of foreign adjudications, but the result of all is, that even if they be in general conclusive, when the defendant has proper notice and submits himself to their jurisdiction, or is resident therein, still, without such jurisdiction of the person, they are of no validity, and in the then present case, no such jurisdiction appearing by the record of the foreign court, they felt at liberty to disregard it. Thus it appears that the decision, perhaps, if not the reasoning of the judges, may be made to consist with the former doctrine upon the subject.

But not further to discuss the exact force to which a foreign judgment is justly entitled to lay claim, it is obvious that the record of the foreign court is no record in the domestic tribunals. Hence the evidence of the foreign judgment, i. e. the record of the foreign court, is only *prima facie*, while that of our own courts is conclusive and incontrovertible. For although it appear by the record of the foreign court, that the court had jurisdiction both of the subject-matter in controversy, and of the person of the defendant, and that the proceedings were in all respects regular, yet all this may be contradicted by oral evidence, addressed to the jury, and the effect of the adjudication depend upon the opinion entertained by the jury, upon these points. So that the proper form of action is assumpsit, on debt on simple contract, where, under the plea of *non assumpsit,* or *nil debet,* any of

FRANKLIN,
January,
1842.
_____
Boston India
Rubber Fac'y
v.
Hoit.

these questions may be raised and submitted to the jury, under the charge of the court. In this view the foreign judgment is but *prima facie* evidence of debt or contract, but when the proof is in, and the fact admitted or found, that the adjudication was formal and in all respects regular, the *contract* is perhaps as conclusive, as that resulting from any adjudication of the domestic tribunals. The original cause of action is merged and gone, and whether it were good or bad, is of no importance, if it were only fairly submitted, and regularly adjudicated, by the foreign court. And this is, indeed, giving no more force to the adjudication of the foreign courts, than we do to an award of arbitrators, or the settlement of the parties, by *account stated*. In either of the cases, last supposed, it could surely be of no importance where the arbitration was had, or the account stated, provided the *lex loci contractus* made such mode of terminating disputes final between the parties. The reason then why, in declaring upon a foreign judgment, assumpsit or debt on simple contract, are proper, is made sufficiently obvious. Chipman Ch. J. 1 D. Chip. 59, 61, 62.

And it is equally plain why assumpsit, or debt on simple contract, would not be appropriate to the case of a domestic judgment. In declaring upon a domestic judgment, we count upon the *evidence* and not upon the *contract*. The regular statement of the *debet* and *detinet* is indeed necessary, but is only an inference from the statement of the record, which precedes, and is not strictly traversable, under the general issue. That goes to the premises and not the inference, or conclusion. The same is true in declaring upon specialties, and in all cases where the evidence itself is made profert of, as in the case of letters testamentary, of specialties, and of records. In such cases the general issue denies the existence of the evidence, as *non est factum* and *nul tiel record*. And although, in the case of specialties, the fact is determined by the jury, yet in that case the issue is narrowed to the *single* fact of the *existence* of the *evidence*. So in the case of domestic judgments, the inquiry is not whether the court made such a judgment, and whether they had jurisdiction of the cause, and of the parties, and took regular proceedings, but whether there is such record, as that declared upon, and this question is determined by the court

upon inspection of the record or the exemplification, and this exclusive of all other proof. But in the case of a foreign judgment, the declaration is upon the *contract*, and not upon the *record* or *evidence*. No profert of the record, in such case, need be made, and if made, will be treated as surplusage. *Walker* v. *Witter*, Doug. R. 1. I have gone thus minutely into the distinctions between foreign and domestic judgments, in order to show the reason why assumpsit will lie in the case of the former, and not in that of the latter.

Franklin, January, 1842.

Boston India Rubber Fac'y v. Hoit.

It only remains to determine to which of these classes the case now under consideration properly belongs. I apprehend there can be but one opinion upon this subject, if we regard the consitution and legislation of the United States, and especially the decisions of the United States supreme court in regard to .the matter. The provision of the United States Constitution is, (Art. IV. Sec. 1.) 'Full 'faith and credit shall be given in each state to the public 'acts, records, and judicial proceedings of every other state.' Congress is to prescribe the mode of proof, and the effect of such acts, which it has done. It is expressly provided by the act of Congress, of May 26, 1790, that these public acts, by which may be understood legislative acts, and 'records,' which are the records of courts, and judicial proceedings, which are all proceedings which are of a judicial character, but not by courts of record, shall have the same 'faith 'and credit given to them, in every court within the United 'States, as they have by law, or usage, in the courts of 'the states, from whence the said records are, or shall be 'taken.' 1 Story's Laws United States, 93. In the case of *Mills* v.*Duryee*, 7 Cranch, 481, (2 Pet. Cond. 578,) which is the leading case in the United States supreme court upon the construction of the act of Congress, and the United States constitution, upon this subject, the language of the court is ' *Nil debet* is not a good plea to an action founded 'on a judgment of another state. It is a judgment between 'the parties, and the proper plea is *nul tiel record.* The 'record may be proved in the manner prescribed by the act 'of Congress, and such proof is of as high a nature as an 'inspection by the court of its own record, or as an exempli-'fication would be in any other court of the same state.' The same doctrine is affirmed in *Hampton* v. *M'Connell,* 3

FRANKLIN, January, 1842.

Boston India Rubber Fac'y v. Hoit.

Wheaton, 234. (4 Pet. Cond. 243.) In that case, Chief Justice Marshall, referring to the case of *Mills* v. *Duryee*, as the basis of the decision, says, 'The doctrine there 'held was, that the judgment of a state court should have 'the same credit, validity and effect, in every other court in 'the United States, which it had in the state where pro-'nounced, and that whatever pleas would be good in a suit 'thereon, in such state, and none others, could be pleaded in 'any other court in the United States.' These cases fully settle the doctrine that the judgment declared upon in this case is a record, consequently the declaration upon it must be upon the record, i. e. *the evidence*, and not, as in the case of a foreign judgment, upon the contract; that the declaration should be accompanied with a profert of the record, or an exemplification thereof, which will be verified only by inspection of the court, on the plea of *nul tiel record*. We are not inclined to cavil at, nor to criticise, these decisions of that very able and learned court, for we do not well see how they could have been otherwise, under the existing provision upon the subject. Nor are we called upon to say whether any other plea than that of *nul tiel record* may not be interposed, in such case, under some supposable state of facts. We are aware that such is the language of the courts of Massachusetts and New York, in the cases of *Hall* v. *Williams*, 6 Pick. 232, and *Starbuck* v. *Murray*, 5 Wendell, 156; but we need not further discuss the subject, content with saying, we think *nul tiel record* is the only *general issue*, and that being the case, an action of assumpsit cannot be maintained upon such judgment.

Judgment affirmed.

After the judgment of the court was pronouced, the counsel for the plaintiff moved to amend the declaration, to debt on the judgment, as a record, and cited 1 Chitty Pl. 197. The dictum read to the court referred to two cases in 2 Marshall's R. 124, 185; but the cases were not shown the court. The court were divided, upon the question whether such an amendment was allowable, but agreed in opinion, that if such amendment were allowable, in the discretion of the court, it should only be done upon payment of costs and entering into a rule to discharge bail, and any attachment

there might be in the case, which is the rule laid down by Mr. Chitty. As an amendment upon these terms could be of no avail to the plaintiff, the motion was overruled.

On referring to the cases upon which Mr. Chitty founds himself, *Billing* v. *Flight*, 6 Taunton, 419 ; S. C., 1 Eng. C. L. R. 433 ; *Levett* v. *Kibblewhite*, ib. 483, 459, it is very apparent that the courts of common law, in Westminster Hall, do allow amendments, even to the changing of the form of action, where it is still for the same cause ; but always under a rule, that bail be discharged. When plaintiff declared as administrator, an amendment, changing the description of person and capacity to executor, was allowed in the Common Pleas in 1733. Barnes, 5; 1 Petersd.524. Cases allowing amendments of a similar character and going beyond what has been practised in this state, may be found in many of the English reports ; but they have been where no bail was concerned, or under a rule, that an *exoneretur* should be entered in favor of the bail.