## Colt's Estate.

In the distribution of the personal assets of an intestate, under the Act of 19th April 1794, the judgments of the courts of another State will rank in the same grade and be entitled to like preference with judgments of the courts of our own State.

APPEAL from the decree of the Orphans' Court of *Erie* county.

Upon the death of Jabez Colt, who died intestate, there were several judgments, and among others two in the Supreme Court of the State of New York; one in favour of Joseph Colt for $1800, and one in favour of Somuel Colt for $2400. There was a fund in the hands of the administrator of the intestate, arising out of his personal estate, for distribution; which the Orphans' Court decreed should be paid *pro ratâ* among the judgment creditors, excluding those which were in the Supreme Court of the State of New York, on the ground that they were foreign judgments and not of equal grade with the judgments of our own Court. From this decree there was an appeal.

*Pearson*, for the appellants, on this point, cited 3 *Penn.* 185; 1 *Whart. Dig.* 371, *No.* 73; 1 *Parke & Johns.* 209, sec. 23; 1 *Brown's Appendix* 30; 3 *Pick.* 128; 8 *Pick.* 475; 20 *Johns.* 265; 5 *Peters* 518.

*Riddle, contra*, cited 4 *M'Cord* 278; 13 *Peters* 312, 328; *Gordon's Dec.* 166, 167; *Story's Conf. of Laws* 438.

The opinion of the Court was delivered by

ROGERS, J.—The Act of the 19th of April 1794, directs that all debts owing by any person within this State, at the time of his decease, shall be paid, as far as there are assets, in the manner and order following: first, physic, funeral expenses and servants' wages; second, rents not exceeding one year; third, judgments; fourth, recognizances; fifth, bonds and specialties; and all other debts shall be paid without regard to the quality of the same, except debts due to the commonwealth, which shall be last paid. No distinction is made between creditors, wherever residing. By the Act, all debts whatever are ordered to be paid in the manner prescribed, so that it will not admit of doubt that in other

[Colt's Estate.]

grades, as bonds and specialties, for example, a creditor, although residing elsewhere, is entitled to come in on the assets in the same manner and to the same extent as inhabitants or citizens. But it is said, that in marshalling the assets of an insolvent estate, a judgment rendered in another State only ranks as a simple contract, and consequently, as such only is a creditor of this description entitled to participate in the fund. That this is true of a foreign judgment, strictly, may be admitted; but I cannot bring myself to believe that a judgment rendered in a sister State is to be viewed, to all intents and purposes, as a foreign judgment. That it is something more than a debt by simple contract, must be conceded. By the constitution of the United States, citizens of each State are entitled to all the privileges and immunities of citizens of the several States; and whatever may have been thought of it heretofore, it is now settled that a judgment in one State is conclusive in all the States, provided it was rendered by a court having competent jurisdiction. The merits of such a judgment cannot be again put in issue, although suit may be brought on it in another State. The constitution was intended evidently to put citizens of our common country, as far as practicable, on the same footing. The legislature may by positive law, regulate as they please the disposition of personal property found within their borders; but that they intend to make any distinction between citizens of this and other States, should clearly appear; and as no difference is made in the distribution of other debts, we see no reason to make any in judgments.

The only time this point has come before any of our courts is in *Bond's Case*, reported in 1 *Whart. Dig., page* 371, *No.* 73. It is there held, that judgment creditors who render their accounts within the time prescribed by the Act of 1794, are entitled to the preference, whether their judgments were obtained in the same county, or in any other county of this State, or in any other State. This case was ruled by the Orphans' Court in Philadelphia, and has never been since questioned, nor will we now disturb it, particularly as since the Act of 1834, which entirely alters the order in which the debts of insolvent intestates shall be paid, the point has become of little practical importance. We have examined the cases cited at the bar. *M'Elmoyle* v. *Cohen*, (13 *Peters* 328); *Cameron* v. *Wurtz*, (4 *M'Cord* 278). The first is decided on the words of the Statute of George, which the court supposed indicated an intention to place judgments rendered in another State on a different footing from domestic judgments. As the language of the Acts is different, the case does not apply. The case of *Cameron* v. *Wurtz* is more to the point, but we cannot subscribe to the authority of that case, because we do not agree with the court who ruled it, that such a judgment is to be treated as a foreign judgment, which we admitted ranks as a simple contract only.

Decree reversed.