W. W. Frazier v. Robert Moore's Adm'r.

Where a law of the State of Mississippi provided that where there was a return of no property, and the plaintiff failed to pay the costs, the Clerk, or Sheriff, &c., might, by motion, obtain an order, without further notice to the plaintiff, for the sale of the judgment, (including the cause of action,) to pay the costs, it was held, that such sale operated a valid transfer of the judgment, which could be asserted in the Courts of this State.

Where the defendant claimed by Sheriff's sale, and introduced the judgment, and an execution which contained a return that the property was sold on that day, dated the 10th November, and then offered the Sheriff's deed, which bore date the 3rd of November, it was held that the deed was properly admitted, the jury being at liberty to infer a mistake in the date.

Where a statute provided that certain property, which was authorized to be sold in a summary manner, by execution, might be redeemed within a certain time, by the payment or the tender of the purchase money and ten per-cent to the purchaser, it was held that a tender to the purchaser was sufficient, although he had assigned to another, whose name the purchaser gave to the person making the tender, at the time when he made it.

Where a tender to an assignor, after the assignment, is binding on the assignee, the certificate of the former, to the fact of the tender, which certificate purports to be made at the same time when the tender is made, is admissible against the assignee.

Where the subscribing witnesses reside beyond the jurisdiction of the Court, it is competent to prove their handwriting.

Where a promissory note was indorsed "to the Cashier of the Bank of the United "States, or to W. W. Frazier, their agent, or order," it was said, It is clear that the plaintiff, (Frazier,) is the only person who could transfer the legal title to the note in this case, by his indorsement; and he is the only person who could maintain an action upon it in a common Law Court. His right to maintain an action here, is not affected by the fact that the Court being a Court of Equity as well as Law, the beneficiary might have maintained the action in his own name.

The recovery of judgment in one of the United States was no bar to a suit on the same cause of action, commenced before Annexation, although the defendant was cited and answer filed after that event.

*Quere?* Whether this case decides that where a note is payable to either of two persons, a recovery by one, without satisfaction, in a foreign country, is no bar to a suit here by the other.

Appeal from Brazoria. Suit brought December 17th, 1845, (citation issued January 13th, 1846; *alias* executed October 7th,) by the appellant against Robert Moore, surviving partner of the firm of D. G. & R. Moore, on the following instrument:

" $2,378 96.                    YAZOO CITY, April 21st, 1841.

" On the first day of January next after date, we or either
" of us promise to pay to the Merchants Bank, of New Or-
" leans, two thousand three hundred and seventy-eight 96–100
" dollars.  Value received.  Negotiable and payable at the
" Commercial Bank of Manchester in Yazoo City, Mississippi.
                          " D. G. & R. MOORE."

Indorsed, " Pay the within mentioned note to the Cashier
" of the Bank of the United States, Philadelphia, or to W.
" W. Frazier, their agent or order, without recourse on the
" Merchants  Bank of New Orleans.

                    " ROBERT COPELAND, Cash'r."

The above instrument, together with the charter of the Mer-
chants Bank of New Orleans, proof of user, and that Robert
Copeland was reputed to be the Cashier of said Bank, consti-
tuted the plaintiff's case, in the first instance.

The defence was that on the 28th of November, 1844,
Thomas S. Taylor, Cashier of the Bank of the United States,
who sued for the use of Alexander Symington, recovered a
judgment on said instrument against this defendant, for the
full amount thereof, in the Circuit Court of the State of Mis-
sissippi, in Yazoo county.  There was an execution issued on
said judgment, returned no property.  On the 12th May, 1845,
the Clerk of Yazoo Circuit Court obtained an order for the sale
of said judgment for $7 12, Clerk's fees due thereon.  Ex-
ecution issued thereon, and the judgment was sold to William
Battaile for the sum of sixteen dollars, after due publication of
of time and place of sale in the Yazoo Banner.  Then follow-
ed Battaile's affidavit before the Clerk of said Court, that he
had purchased said judgment for his own use and benefit, and
not in trust for the use and benefit of any other person.  Here
the defendant introduced in evidence the statute of Mississippi,
which provided for the sale of judgments to pay costs, after a
return of *nulla bona*, and a failure of the plaintiff to pay the
costs.  It authorized defendants to purchase and thereby extin-
guish the judgment, and contained the provision, " that the

"plaintiff, whose judgment may have been sold, shall have "two years to redeem such judgment; and the payment or "tender by him to the purchaser of said judgment, of the "amount of the purchase money, with ten per-cent, shall re-"vive the said judgment in his favor, as though the same had "never been sold." Said law also contained a prohibition against the withdrawal of the original cause of action, in cases where the judgments were sold under it; and transferred the same to the purchaser of the judgment. The defendant then proved the Sheriff's transfer to Battaile, and the transfer by Battaile to the defendant, the latter dated December 14th, 1845. The Sheriff's sale purported to be made on the 10th of November, 1845, whereas the deed from the Sheriff was dated November 3rd, 1845.

The plaintiff offered to prove the handwriting of William Battaile, to a certificate, and offered the certificate, that on that day, the 20th of August, 1847, the agents of the plaintiff in said case, tendered to him in redemption of said judgment, the sixteen dollars paid by him and ten per cent. per annum interest thereon, which he refused to receive because he had received satisfaction from the defendant. To the certificate, there were two witnesses, whose handwriting the plaintiff also offered to prove; and he also offered to prove that all of said persons resided in Mississippi.

The plaintiff also saved an exception to the admissibility of the Sheriff's deed dated November 3rd, after the defendant had proved the sale to have been on the tenth.

The plaintiff asked the Court to charge the jury that the order for the sale of the judgment, was void because it did not purport to be made after notice to the plaintiff. (Notice was not required by the law.) Verdict and judgment for defendant. Plaintiff appealed.

*Allen & Hale*, for appellant.

*R. Hughes*, for appellee.

WHEELER, J.  The principal defence relied on was, that by virtue of the sale of the judgment under the Mississippi statute, and its transfer, by the purchaser, to the defendant, the title of the plaintiff was divested, and the debt extinguished.

To this it is objected, that the proceeding to sell and the sale in Mississippi, being without notice to the plaintiff, are not valid when sought to be enforced beyond the limits of that State.

I do not perceive that there is any well founded objection to the validity of the transfer of the judgment, under the Mississippi statute.  Every State has the power to regulate the transmission of property within its limits ; and if the transfer is valid and effectual to pass the title there, it would seem, on general principles, that the title so acquired would be valid and might be asserted elsewhere.

The general rule is, that the right and disposition of personal property or movables are to be governed by the law of the domicil of the owner, and not by the law of their local situation.  (Story on Conflict of Laws, Sec. 376, 380.)  This rule holds good, where there is not some customary or positive law of the country where the property is situated, which regulates and governs the mode of its transfer.  (Id. Sec. 383.)  But where there is such local law, a transfer of the property in the forms prescribed, will pass the title.

Moreover, the proceeding under the Mississippi statute is in the nature of a proceeding *in rem*.  And whatever such a proceeding settles as to the right or title, or whatever disposition it makes of the property by sale, transfer or other act, will be held valid in every other country where the question comes directly or indirectly in judgment, before any other foreign tribunal.  (Id. Sec. 592.)

It was objected to the transfer of the judgment by the Sheriff in Mississippi, that it bore date anterior to the sale.  It, however, recited the sale, and the jury were warranted in the conclusion that there was a mistake in the date ; and that, as it recited the sale, it must have been, in fact, made after and in pursuance of it.

But the Court refused to admit evidence of the written admission of the purchaser at the sale, that the plaintiff had tendered to him his purchase money with ten per cent. thereon, in redemption of the judgment, as provided by the statute. This, we think, was error. The statute under which the sale was made, provided, " That the plaintiff whose judgment may " have been sold, shall have two years to redeem such judg- " ment; and the payment or tender by him to the purchaser " of said judgment, of the amount of the purchase money, " with ten per cent., shall revive the said judgment in his " favor, as though the same had never been sold." It was to the purchaser and not to his assignee, that the payment or tender was to be made. His assignee took the assignment subject to be defeated by such payment or tender. Proof of such payment or tender to the purchaser, therefore, would defeat his right. He was bound by the act of his assignor, the purchaser of the judgment, and consequently, by his admission of the fact of a payment or tender of the money to him. It cannot be doubted that his receipt for the money would have been evidence against the defendant, and there can be no more room for doubt that his admission, which it was proposed to prove, was equally admissible in evidence against, and binding upon him.　(1 Greenl. Ev. Sec. 189.)

The subscribing witnesses to the writing containing the admission, being beyond the jurisdiction of the Court, it was not necessary to produce them; but it was competent to prove their signatures in the mode proposed.　(Id. Sec. 572.)

But it is insisted for the defendant, that though there may be error in the rulings of the Court upon the trial; yet the plaintiff was not entitled to maintain the action, and the judgment must therefore be affirmed.

In Story on Promissory Notes, (Sec. 33,) it is said to be " essential to the validity of a promissory note, that it should " contain no contingency or uncertainty as to the person, by " whom it is payable, or to whom it is payable."

" Therefore, a note whereby the maker should promise to

" pay ' to A B or C D, or his or their order ' is not a valid " promissory note ; for it is not payable to A B and C D, but " to either of them, and that only on the contingency of its " not having been paid to the other."

The present, however, is not that case. Here, though the note was assigned to the agent of the Bank, and the contract was with him personally, yet the assignment discloses that he was an agent ; and the Bank the beneficiary.

Where a bond had been given by the defendant " to the " people of the State of New York, or Frederick F. Bachus," the Supreme Court, Mr. Justice Story delivering the opinion, held, that the bond was good, and, if forfeited, might be sued upon in the name of the people or of the relator, at the option of the government. (Spalding v. The People, &c., Ex. Rel. Bachus, 2 Howard, R. 66.)

The plaintiff in this case, was the only person named in the assignment of the note as indorsee. The assignment was to him by name, and although he is described as agent of the bank, he, and not the bank, or its cashier not named, was the proper person to sue upon the note : the rule being, that where the contract is made in writing expressly with the agent, and imports to be a contract personally with him, he may sue upon it in his own name, although he may be known to act as an agent. (Story on Agency, Sec. 393; 8 Tex. R. 103.)

Thus, a promissory note, promising to pay A and B, " trustee " of a corporation named, may be sued by A and B as proper parties thereto. So a promissory note made payable, or indorsed to A, " cashier," or order, may be sued by the person named, personally, he being the cashier of a bank. So upon a promissory note, to pay to A, for the use or benefit of B, a sum of money, A and not B, is the proper person to maintain the action. So a note to A and B, trustees of the corporation of B, may be sued by A and B and not by the corporation. (Id. Sec. 394 and cases cited.)

It is clear that the plaintiff is the only person who could transfer the legal title to the note in this case, by his indorse-

Frazier v. Moore.

ment; and he is the only person who could maintain an action upon it in a Common Law Court. His right to maintain the action here, is not affected by the fact, that the Court, being a Court of equity as well as law, the beneficiary might have maintained the action in his own name. For repeated decisions of this Court have settled, that the person having the legal title, may maintain the action, although the equitable ownership be in another. (Knight v. Holloman, 6 Tex. R. 162; 5 Id. 205, 210.)

It is not perceived that the right of the plaintiff to maintain the action is affected by the judgment rendered in Mississippi. At the time of the institution of this suit, (December 18th, 1845,) an action could not have been maintained here upon that judgment, nor could it have been pleaded in bar to this action. (Hart. Dig. Art. 1622; 1 Tex. R. 374; 2 Id. 501, 502.) Suit could only be maintained upon the original cause of action: and upon that cause of action, as we have seen, the plaintiff was the party entitled to sue. If the effect of the judgment in Mississippi was to establish that the real ownership of the note was in a person other than the plaintiff, yet he, having the legal title as the indorsee, could maintain the action in his own name, under the decisions of this Court, to which we have before referred.

We conclude that the suit was well brought in the name of the present plaintiff. And that because of the error of the Court, in excluding evidence offered by him upon the trial, the judgment must be reversed, and the cause remanded.