LYMAN (BARING v.). See Case No. 983.

---

## Case No. 8,627.

LYMAN et al. v. BROWN et al.

[2 Curt. 559.] [1]

Circuit Court, D. Rhode Island. Nov. Term, 1855.

PLEADING—LIS PENDENS PLEADED IN ABATEMENT—FOREIGN JUDGMENT—MERGER—PLEA IN BAR.

1. Lis pendens in a foreign country is not a good plea in abatement.

[Cited in Loring v. Marsh, Case No. 8,514; Pendergast v. The General Custer, 10 Wall. (77 U. S.) 218; Brooks v. Mills County, Case No. 1,955; Hughes v. Elsher, 5 Fed. 264; Latham v. Chafee, 7 Fed. 523.]

2. A foreign judgment does not merge the original cause of action, and cannot be pleaded in bar of an action founded thereon.

[Cited in New York, L. E. & W. R. Co. v. McHenry, 17 Fed. 418; Mellin v. Horlick, 31 Fed. 866. Cited, but not followed, in McMullen v. Richie, 41 Fed. 503.]

[Cited in Ault v. Zehering, 38 Ind. 434. Cited in note in Eastern Tp. Bank v. Beebe, 53 Vt. 177.]

This was an action in which the plaintiffs [William Lyman and others] counted on bills of exchange, accepted by the defendants [Brown, Hibbard, Browne & Co.] and indorsed to the plaintiffs. The original writ, by which the action was commenced, was returnable to and entered at the last term. Personal service was made on some of the

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

defendants, who were copartners, and all of them appeared by attorney, and pleaded that they never promised, &c.

Mr. Jenckes for defendants, moved for leave to plead, puis darrein, that the plaintiffs had recovered a judgment against the defendants for the same cause of action, in a court of record, in the Province of Lower Canada.

Mr. Jenckes, for the motion.
Mr. Ames, contra.

CURTIS, Circuit Justice. The defendant could not have pleaded the lis pendens in a foreign jurisdiction, in abatement of this action. White v. Whitman [Case No. 17,-561], and cases there cited; Lindsay v. Larned, 17 Mass. 197; Colt v. Partridge, 7 Metc. (Mass.) 570; Casey v. Harrison, 2 Dev. 244; Maule v. Murray, 7 Term R. 470; Bayley v. Edwards, 3 Swanst. 703; Foster v. Vassall, 3 Atk. 589; Dillon v. Alvares, 4 Ves. 357; Salmon v. Wootton, 9 Dana, 423. I am aware that this law has been doubted. and in a few cases such a plea has been said to be sufficient. Ex parte Balch [Case No. 790]; Hart v. Granger, 1 Conn. 154; Ralph v. Brown, 3 Watts & S. 399.

It seems to me that the ground upon which the plea of a prior suit pending has been held to be sufficient to abate the second suit. is not applicable, where the second suit is pending in a foreign country, or even in another state of this Union. That ground, I understand to be, that the defendant shall not be twice vexed for the same cause of action, where the court can see that in each. the remedy is substantially the same. But the court must be able to see that the remedy in each suit is substantially the same. Thus a writ of right is not abated by the pendency of a writ of entry for the same land. Com. Dig. "Abatement," H. 24. Nor trespass in C. B. by replevin in the sheriff's court. White v. Willis, 2 Wils. 87. Nor an action by assignees of a bankrupt by a prior suit by the bankrupt. Biggs v. Cox, 4 Barn & C. 920. And where a distinct jurisdiction is sought, whose process, as to person or property, may obtain a satisfaction not within the reach of that in the first suit, how can the court see that the remedy is substantially the same? If a judgment be recovered in one state, the plaintiff may immediately sue upon it in another. He is not bound to show that he has exhausted the means of relief under it, in the state where it was recovered. If he may sue a second time in another state, for the same debt, as soon as a judgment has been recovered, and without taking out an execution, why may he not sue a second time on the original cause of action, before recovering a judgment? It may be said the defendant would be thus compelled twice to defend himself. But where the suits are in different states. one successful defence would be a bar in

the other suit; and if one suit is in a foreign country, though perhaps it is not fully settled that a judgment for the defendant on one, would be treated as a final bar on the other, yet if it would not, then the defendant may be compelled to defend himself a second time, and this whether both suits are, or are not pending at the same time. I have considered this question, in this case, because if it be allowable for a creditor to seek two remedies at the same time in different jurisdictions, and the pendency of the first suit cannot be pleaded in abatement of the second, he ought to be allowed to conduct each of them to a judgment; since it is only by so doing he can make each effectual as a remedy; and where, as in this case, the discretion of the court is appealed to, for leave to plead puis darrein, the court ought not to use its discretion so as to deprive the creditor of a remedy in this jurisdiction.

But I do not rest my decision on this ground, for I am satisfied I ought not to allow the plea to be filed, because it would not be a defence. What is asked for is, leave to plead the Canadian judgment in bar of the action, upon the ground that the recovery of that judgment has merged the original cause of action on the bill of exchange, so that it no longer exists, and cannot form a ground for a judgment in this suit. That it can only be pleaded in bar, and if a good plea, is so, as showing a merger, is clear. Bank of U. S. v. Merchants' Bank of Baltimore, 7 Gill, 415; Marsh v. Pier, 4 Rawle, 273.

There is some uncertainty concerning some of the effects of a foreign judgment. See Story, Confl. Law, § 603–608; 2 Smith, Lead. Cas. 448, note to Duchess of Kingston's Case, 1 Rob. Prac. 205; and the most recent case I have met with, where the subject was elaborately examined by the court of king's bench, Bank of Australasia v. Nias, 4 Eng. Law & Eq. 252. But there is none as to this particular. It does not operate as a merger of the original cause of action. Hall v. Odber, 11 East, 124; Smith v. Nicolls, 5 Bing. N. C. 208; Harris v. Saunders, 4 Barn. & C. 411. The fact that assumpsit lies on a foreign judgment is decisive, that the demand has not passed into a security of a higher nature, so as to operate as a technical merger. Taylor v. Bryden, 8 Johns. 173, and the more recent cases, in which it has been held that a judgment in a state of the Union, merges the original cause of action, and that consequently assumpsit will not lie, rest exclusively on the effect of the constitution and laws of the United States, and admit the distinction as to merger, between these and foreign judgments. Andrews v. Montgomery, 19 Johns. 162; Boston India Rubber Co. v. Hoit, 14 Vt. 92; Napier v. Gidiere, 1 Speer, Eq. 215; In re Colt's Estate, 4 Watts & S. 314.

The result is, that this plea of a foreign judgment, recovered during the pendency of this action, would not be a bar, and the motion for leave to file it must be denied.