## MELLIN *v.* HORLICK.

### (*Circuit Court, E. D. Wisconsin.* August 15, 1887.)

JUDGMENT—ACTION ON FOREIGN JUDGMENT.

> An action of *assumpsit* or debt will lie on a foreign judgment or decree based upon a prior pecuniary obligation, and also to recover the costs awarded by such judgment or decree; and, though the foreign judgment is set out *in extenso* in the complaint, the action will not be held to be brought directly on such judgment as a record, if the complaint further alleges that, by reason of such judgment and the proceedings therefor, defendant became indebted to plaintiff in the sum sought to be recovered.

The plaintiff alleged in his complaint in this action that in the year 1884, being a subject of Great Britain, he filed a petition in the high court of justice, chancery division, in England, to annul a certain patent granted to one Herbert John Haddan; that the defendant, Horlick, appeared in the case by his solicitor; and that such proceedings were thereafter had, that an order or decree was duly made by the court, referring the matter to the taxing-master to tax the costs of the petitioner, and to set off against such costs the sum of £56 3s. 4d., theretofore deposited in court as security for costs, and the interest thereon, and to certify the balance. It was further alleged that the court, before which said proceeding was pending, further ordered and decreed that the defendant, Horlick, pay to the petitioner, Mellin, the balance of such costs; that thereafter the taxing-master was attended by the solicitors of the parties, and taxed the costs of the petitioner at the sum of £245 5s. 6d., deducted therefrom the sum of £56 3s. 4d., in court, as security for costs, and 5s. 10d., the interest thereon, and found the balance to be £188 16s. 4d., —all of which the taxing-master thereafter duly certified to the court; that said order and decree, and said taxation and certification, were, according to the practice of the court, final, and thereafter remained in full force, unexcepted to, unreversed, and wholly unsatisfied. It was then alleged that, by reason of the premises, the defendant became indebted to the plaintiff in the sum of £188 16s. 4d., with interest thereon from March 16, 1886, at the rate of 4 per cent.,—that being the rate prescribed by the laws of England; and judgment was demanded accordingly. To this complaint the defendant demurred, on the ground that it did not state facts sufficient to constitute a cause of action.

*Dodge & Fish,* in support of the demurrer, contended that this was a suit on a foreign judgment; that such a judgment has no standing in this country as a record; that a decree or judgment of a foreign court is not regarded as a record outside of the jurisdiction in which it was pronounced; and, therefore, that no action can be maintained on such a judgment or decree. They further argued that, if any action could be sustained in respect of such a judgment, it must be brought upon the original consideration; and if, in point of fact, there was no antecedent consideration, and the claim made was merely for an incident of the judgment, *e. g.,* costs, no action at all could be maintained in respect of it

in a foreign jurisdiction. They cited *Phillips* v. *Hunter*, 2 H. Bl. 403, 411; *Railway Co.* v. *McHenry*, 17 Fed. Rep. 414; Story, Confl. Laws, § 599; and Freem. Judgm. § 220.

*Van Dyke & Van Dyke*, for plaintiff, replied that *assumpsit* or debt will lie on a foreign judgment; that *assumpsit* will also lie on a decree of a foreign court of equity for a specific sum of money; and that a decree of such a court, for costs, stands on the same footing as a judgment at law. They further insisted that the present action was one in *assumpsit*, and that it was not necessary to allege in the complaint the ground of the foreign recovery. The decree itself imported an obligation to pay the amount therein adjudged to be paid.

DYER, J. Conceding that a judgment or decree of a foreign court is not, strictly speaking, a record, nevertheless an action of debt or *assumpsit* will lie on it in a jurisdiction foreign to that in which the judgment was rendered or decree entered. Mr. Freeman, in his Law of Judgments, § 220, says:

"In England, a foreign judgment is, in most respects, carried into effect to the same extent which, under the provisions of our constitution and the laws of congress, a judgment rendered in one of these United States would be enforced in another. But it is nevertheless not regarded as a matter of record, nor as being of a higher nature than the original cause of action. Hence it does not debar plaintiff of the remedy which every subject has of bringing his action, and he has his option either to resort to his original ground of action, or to bring *assumpsit* on the judgment."

—Citing *Bank* v. *Harding*, 9 C. B. 661; *Robertson* v. *Struth*, 5 Q. B. 941; *Smith* v. *Nicolls*, 5 Bing. N. C. 208; *Berry* v. *Irwin*, 7 Dowl. 282; *Hall* v. *Odber*, 11 East, 118; *Phillips* v. *Hunter*, 2 H. Bl. 402; *Lyman* v. *Brown*, 2 Curt. 559; *Bonesteel* v. *Todd*, 9 Mich. 375; *Frazier* v. *Moore*, 11 Tex. 755; *Wood* v. *Gamble*, 11 Cush. 8.

"It is not an admitted principle of the law of nations," says BLACK-BURN, J., in *Godard* v. *Gray*, L. R. 6 Q. B. 139–148, "that a state is bound to enforce within its territories the judgment of a foreign tribunal. Several of the continental nations (including France) do not enforce the judgments of other countries, unless when there are reciprocal treaties to that effect. But in England, and in those states which are governed by the common law, such judgments are enforced, not by virtue of any treaty, not by virtue of any statute, but upon a principle very well stated by PARKE, B., in *Williams* v. *Jones*, 13 Mees & W. 633: 'Where a court of competent jurisdiction has adjudicated a certain sum to be due from one person to another, a legal obligation arises to pay that sum, on which an action of debt to enforce the judgment may be maintained. It is in this way that judgments of foreign and colonial courts are supported and enforced.'"

In *Walker* v. *Witter*, 1 Doug. 1, it was held that an action of debt will lie on a foreign judgment, and the plaintiff need not show the ground of the judgment. Lord MANSFIELD said:

"Though the plaintiffs had called the judgment a record, yet, by the additional words in the declaration, it was clear they did not mean that sort of

record to which implicit faith is given by the courts of Westminster Hall. They had not misled the court, nor the defendant, for they spoke of it as the record of a court in Jamaica. The question was brought to a narrow point; for it was admitted, on the part of the defendant, that *indebitatus assumpsit* would have lain, and on the part of the plaintiffs that the judgment was only *prima facie* evidence of the debt."

ASHHURST, J., in the same case, said that, "in *indebitatus assumpsit* on a foreign judgment, the judgment is shown as a consideration; and, wherever *indebitatus assumpsit* can be maintained, debt will lie."

*Assumpsit* will also lie on a decree of a foreign court of equity for a specific sum of money. *Sadler* v. *Robins*, 1 Camp. 253, was an action upon a decree of the high court of chancery in the island of Jamaica for a sum of money; "first, deducting thereout the full costs of the said defendants expended in the said suit, to be taxed by one of the masters of the said court; and also deducting thereout all and every other payment which S. and R., or either of them, might on or before the first day of January, 1806, show to the satisfaction of the said master they or either of them had paid," etc. In this case Lord ELLENBOROUGH said:

"Had the decree been perfected, I would have given effect to it as to a judgment at law. The one may be the consideration for an *assumpsit* equally with the other; but the law implies a promise to pay a definite, not an indefinite, sum."

The proposition stated in *Pennington* v. *Gibson*, 16 How. 77, seems as applicable to foreign as to domestic judgments or decrees. It was there said by the court:

"We lay it down * * * as the general rule that, in every instance in which an action of debt can be maintained upon a judgment at law for a sum of money awarded by such judgment, the like action can be maintained upon a decree in equity which is for an ascertained and specific amount, and nothing more; and that the record of the proceedings in the one case must be ranked with and responded to as of the same dignity and binding obligation with the record in the other."

In *Henley* v. *Soper*, 8 Barn. & C. 16, it was held that debt lies on the decree of a colonial court made for payment of the balance due on a partnership account. See, also, the judgment of Lord DENMAN, C. J., in *Henderson* v. *Henderson*, 6 Adol. & E. (N. S.) 288.

If *assumpsit* or debt will lie on a judgment or decree recovered abroad, and based on a prior pecuniary obligation, it is not perceived why such an action may not be maintained to recover the costs awarded by such judgment or decree. Upon this question *Russell* v. *Smyth*, 9 Mees. & W. 810, appears to be in point. It was there held that an action of *assumpsit* or debt may be maintained against a defendant resident in England, for costs awarded against him, after appearance, by a decree of the court of session in Scotland, in a suit for a divorce. Lord ABINGER, C. B., in the judgment delivered by him, said that the decree of the court of session created a duty in the party to pay a debt. The decree was one awarding costs by a court of competent jurisdiction, but not having the power by its own process of enforcing payment of them in England. "An action of *assumpsit* or debt," he observed, "therefore lies for the re-

covery of them. I think we must assume the process and decree to have been perfectly regular, * * * and the decree is made, not against a party who does not appear, but against one who does appear, and afterwards abandons his defense. * * * The action may be sustained on the ground of morality and justice. The maxim of the English law is to amplify its remedies, and, without usurping jurisdiction, to apply its rules to the advancement of substantial justice. Foreign judgments are enforced in these courts because the parties liable are bound in duty to satisfy them. The principles relating to this subject are well laid down by Lord MANSFIELD in his judgment in *Robinson* v. *Bland*, 2 Burrows, 1077. Mr. Watson urges that no action for costs has ever been brought on a foreign judgment. I cannot quite assent to that; but, supposing it were so, I must own I should be disposed to set an example of such an action. Suppose litigation arises in France relating to real property, and costs are given against a party who comes to this country, if the English law gives no remedy the debt would be lost. In such a case I should be disposed to say that an action for those costs may be maintained in this country." This reasoning, fully concurred in by the other judges who sat in the case, applies directly to the case at bar, and is controlling. The principle to be applied is that the court of a foreign country has imposed upon the defendant, in an action in which he appeared, a duty to pay a sum certain. Therefore there arose an obligation to pay, and that obligation may be enforced in a court of this country.

It is, however, insisted that the present action is not one in *assumpsit*, but must be held to be brought directly on the judgment, as a record. I do not concur in that view. It is true that the decree of the English court is set out *in extenso* in the pleading. But the further allegation of the complaint is that, by reason of the proceedings in that court, the defendant became indebted to the plaintiff in the sum sought to be recovered; and, although payment has been demanded, the same has not been paid. In *Walker* v. *Witter, supra*, the judgment of the foreign court was set out in the declaration, with allegations of indebtedness by reason thereof, and the action was regarded and treated as one of debt. The forms of declaration in *assumpsit* on a foreign judgment or decree, as laid down in 2 Chit. Pl. 243–245, allege with great particularity of statement the recovery of the judgment or decree; and, if such allegations were suitable and proper in a declaration under the common-law practice, I can have no doubt that the complaint in this case may be held to be sufficient as stating a good cause of action in *assumpsit*, arising out of an alleged recovery in a foreign court.

As the result of these views, the demurrer must be overruled.