ALEXANDER, <i>Adm'x. &c. against</i> FINK.

The marriage of a female plaintiff, after verdict, and before the day in court, cannot be pleaded in abatement; nor can it be so pleaded, *puis darrein continuance,* after a report of referees and before it is filed in court, in a cause which has been referred under the statute; such report being the same as a verdict of a jury.

THIS case, involving the examination of long accounts, had been referred by order of the court under the statute. After the hearing before the referees, and after they had made their report, but before it was filed, the plaintiff intermarried with *William Garvin;* and the marriage was pleaded in abatement *puis darrein continuance.*

And the question as to the validity of this plea was submitted to the court. A *case* agreed on by the parties as to the facts proved before the referees was also submitted, with the report of the referees in the cause, on a motion to set the report aside.

It appeared from the *case,* that in the winter of 1807, the defendant called on the intestate, *William Alexander,* and informed him that he had a large quantity of wheat for sale, and wished to know with whom the intestate stored his wheat in *Albany,* as he wished to send a part to be stored there for *Alexander* to sell, and the residue he would bring to *Alexander,* at the *Little Falls,* to be sent by him with his own wheat to *Albany,* or *New-York,* for sale, and to credit the defendant with the nett proceeds. *Alexander* informed the defendant that he stored all his wheat with *Messrs. Hugh and Hamilton Boyd,* of *Albany,* who were his agents for storing and selling produce: and the defendant then agreed to send part of his wheat to *Messrs. Boyd,* at *Albany,* and bring the rest to *Alexander,* to be sold, and have the nett proceeds placed to his credit. Several parcels of wheat were accordingly delivered to *Alexander,* who sent the

same with his own wheat to *Messrs. Boyd* at *Albany*, to be sold by them on his account. And on the 2d of *September*, 1807, the defendant gave to *Alexander*, a receipt of *Hugh & H. Boyd*, for 243 bushels of wheat; and directed *Alexander* to send on the wheat he had to *Messrs. Boyd*, and to have the whole sold, in the same manner as he, *Alexander*, had his own sold. *Rankin & Heyer*, of *New-York*, were the general agents of *Alexander*, in *New-York*, and the proceeds of all sales of produce, or notes taken, were deposited with them for collection on his account. In *September*, 1807, *Alexander* directed *Messrs. Boyd* to send the wheat, about 1,200 bushels, including the wheat expressed in the receipt, to the defendant, to *New-York*, to be sold to the best advantage. In *October*, 1807, *half* of the wheat was sent to *New-York* by *Messrs. Boyd*, and not being able to sell it for cash, they sold it on a credit of sixty days, to *John Townsend*, a person then in good credit, and took his note, payable to *Rankin & Heyer*, which was left with them for collection, and to account therefor to *Alexander*. In *November*, 1807, the residue of the wheat was sent by the *Boyds* to *New-York*, and sold for the same price to *Townsend*, then in good credit, at a credit of sixty days, who gave his note for the amount, payable to *Rankin & Heyer*, with whom it was deposited for collection, for account of *Alexander*. It was proved that other persons sold wheat to *Townsend*, at the same time, for the same price, and on the same credit. Before the notes were due, *Townsend* became wholly insolvent, and the notes were never paid.

SPENCER, J., delivered the opinion of the court. The plea, *puis darrein continuance* of the marriage of the plaintiff cannot avail here. It is well settled, that after a verdict, matter which abates the writ shall not be pleaded in abatement, for the defendant has no day in court. The marriage of a woman plaintiff after verdict, and before the day in court, cannot be pleaded. (1 *Com. Dig.* 102. *Abatement* I. 34. *Cro. Car.* 232.)

A reference, in matters involving long accounts, is a legislative substitute for a trial by jury; and this we are to intend is such a case. Consequently, the report of the referees is to be regarded in the same light as a verdict of a jury; and the marriage of the plaintiff having taken place after making the report, the plea is bad.

Upon the other point in the case, there is no pretence that *Alexander* is liable for the wheat sent to the *Boyds*, and sold by them to *Townsend*. (a)

Motion to set aside report denied.

(a) See *Herring and Walker v. Marvin*, (5 *Johns. Rep.* 393.)