## Andrews and others *vs.* Smith.

A judgment in a justice's court is not extinguished by a judgment subsequently obtained upon it in another justice's court: the general principle governing in such cases is, that a security of a *higher* nature extinguishes *inferior* securities, but not securities of an equal degree.

Error from the marine court of New-York. Andrews obtained a judgment in one of the ward courts of New-York against Smith, on which he commenced a suit against Smith in a justice's court in the county of Kings, and obtained judgment. On this last judgment Andrews sued out an execution,

NEW-YORK, on which Smith was arrested and imprisoned, and after 30
May, 1832. days discharged; subsequent to which Andrews sued out an

Hanford
v.
McNair.

execution in New-York on the first judgment, and levied upon certain property of Smith, who sued Andrews and the officers in *trespass* for taking such property. On the trial of the action, the marine court refused to receive in evidence, in justification of Andrews, the judgment originally obtained by him. Smith obtained a verdict, and Andrews sued out a writ of error.

   *S. M. Fitch*, for plaintiffs in error.

   *S. Campbell*, for defendant in error.

   *By the Court*, SAVAGE, Ch. J. The only question in this case is whether a judgment before a justice, rendered upon a judgment before another justice, *extinguishes* the judgment first obtained. As to judgments in courts of record, this question has been settled in the negative. 11 *Johns. Rep.* 517, *and cases there cited.* 5 *Wendell*, 129, 222. The general principle of law governing in cases of this kind, and which applies to all securities, is, that a security of a *higher* nature extinguishes *inferior* securities, but not securities of an *equal* degree.

Judgment reversed.