By the Court, Bronson, J.
The defendant has been discharged from all the debts which he owed at the time of presenting his petition in bankruptcy. There is no ground for saying that the discharge reaches his liability for this tort, unless the plaintiff’s demand had become a debt before the petition was presented, (a) This action had been brought and referred, and the referees had agreed among themselves to report one hundred and fifty dollars in favor of the plaintiff; but no report had in fact been made. There was no change in the nature of the demand. True, the third referee was ready before that time to sign and deliver the report; but so long as the report remained incomplete, there was nothing but the original wrong, which was not cured by the discharge.
But let it be granted that the report was complete in October, *253 1842, before the proceedings in bankruptcy were commenced. The report of referees is equivalent to the verdict of a jury. (Alexander v. Fink, 12 Johns. 218.) Although a report liquidates the damages, it does not change the nature of the demand. That remains the same until it is extinguished by the judgment. In Charles, Ex parte, (16 Ves. 256, 14 East, 197,) there was first a verdict for the plaintiff in an action for the breach of a promise of marriage; then an act of bankruptcy by the defendant; and then judgment for the plaintiff on the verdict. She then instituted proceedings against the defendant as a bankrupt, and it was held that her judgment did not constitute a good petitioning creditor’s debt whereon to found a commission. Although the damages had been liquidated by the verdict before the act of bankruptcy, yet as there was then no judgment, there was no debt. The question was very fully considered by Lord Eldon, and afterwards by the K. B. on a case out of chancery. The case of Buss. v. Gilbert, (2 Maule & Selw. 70,) is in point. It was an action for seducing the plaintiff’s daughter, and after verdict for the plaintiff, the defendant committed an act of bankruptcy, and obtained his discharge. The plaintiff then signed final judgment and arrested the defendant on a ca. sa. The court held that the judgment was not affected by the defendant’s certificate, and. refused to discharge him out of custody.
I see no ground on which the defendant can be relieved short of an application to congress.
■Motion denied.

 See Graham v. Pierson, (ante, p. 247 ;) Thompson v. Hewitt, (post, p. 254.)