STOCKWELL and Another *v.* WALKER and Others.

The revival of a judgment against the principal, by a *scire facias* issued against him alone, does not release the replevin-bail.

APPEAL from the *Tippecanoe* Circuit Court.

*Saturday,
December 6.*

PERKINS, J.—Motion to vacate the levy of an execution. The motion was grounded upon the following facts:

On the 22d day of *August,* 1839, *John W. Keirle* recovered a judgment in the *Tippecanoe* Circuit Court, against *David Patton,* for over 800 dollars, and, on the 18th day of *November* of that year, *Elias L. Beard* became replevin-bail upon said judgment. In *February,* 1845, *John W. Walker,* as administrator upon the estate of said *Keirle,* who had deceased, obtained a judgment of revivor of said judgment against *Patton,* in proceedings instituted against him alone. Afterwards, in 1849, said *Walker,* as administrator as aforesaid, caused a *scire facias* to be issued on said judgment in favor of *Keirle* of the 22d of *August,* 1839, against *Patton,* the judgment-debtor, and *Beard,* the replevin-bail, and obtained judgment of revivor against them jointly, no defense being made. Afterwards, in 1850, *Walker* caused an execution to issue, on this last judgment, against *Patton* and *Beard,* which execution, the sheriff of *Tippecanoe* county, Mr. *Winton,* levied upon certain property as the property of said *Beard.* The property thus levied upon, the plaintiffs in this motion claim to own by a title derived through *Beard.*

The defendants to the motion appeared and confessed the truth of the allegations upon which it rested, and the parties stipulated as follows:

" It is agreed that the judge, on the hearing of said motion, decide upon the following point raised by it, and none other, to-wit: Did the revivor of said judgment against *Patton* alone, release *Beard,* his replevin-bail? If, in the opinion of the judge, it did release *Beard,* then said levy is to be vacated; otherwise, said levy is not to be vacated."

Nov. Term, 1851.

The Court below held that *Beard* was not released, and dismissed the motion.

A judgment for the plaintiff in an action upon a domestic judgment, is not a satisfaction of the judgment sued on, for it is not payment of it, nor a merger of it. The first and second judgments in such case are but securities of the same degree for the same debt. It would seem to follow, therefore, that both securities must remain in force; and to this effect are the authorities. *Jackson* v. *Shaffer*, 11 John. 513.—*Andrews* v. *Smith*, 9 Wend. 53. And see Wright's Ohio R. 46. The first judgment, then, not being extinguished by the second, the parties to it, as principal and bail, must remain bound and liable to proceedings to enforce its collection. The proceeding against the principal alone in the first instance, could not prejudice, and should not be a source of complaint to, the bail.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Pettit* and *S. A. Huff*, for the appellants.

*D. Mace*, for the appellees.