SMISER ET AL. VS. ROBERTSON ET AL.

A writ of error will not lie to the statutory judgment upon a forfeited forthcoming bond.

*Writ of Error to the Circuit Court of Phillips County.*

FOWLER & STILLWELL, for the plaintiffs.   After making points and citing authorities to show that the original judgment was erroneous, contended that the original proceeding and first judgment, being erroneous, the second and dependant statutory judgment is necessarily erroneous also.   *Fowler vs. Gibson et al.*, 4 *Ark. R.* 427; *Barton vs. Petit & Bayard,* 2 *Cond. R.* 494; *S. C.* 7 *Cranch.* 288.

Mr. Justice SCOTT delivered the opinion of the Court.

In response to the writ of error in this case, there has been certified into this court, a transcript of the entire record and proceedings from its inception in the Phillips Circuit Court to a return of a forfeited forthcoming bond, regular upon its face, executed upon the levy of an execution issued upon the original judgment.

The statutory judgment, thus shown, extinguished the original judgment, to which a writ of error will no longer lie, as has been heretofore settled in this court.   (*Phillips et al. vs. Wills, Pease, & Co.,* 14 *Ark. Rep.* 595 ; *Dougherty vs. McDonald, ib.* 597.) And the question presented is whether or not that writ will now lie to this statutory judgment.

Writs of error lie only for the revision of the mistakes of courts of record, proceeding in the course of the common law.   In the

case of *Ruddell vs. Magruder*, 6 *Eng. R.* 579, it was held that the forfeited forthcoming bond has, by operation of law, the force and effect of a judgment; and that the sheriff's return of forfeiture was conclusive record evidence of that fact, and that the execution does not issue upon the forthcoming bond, but upon the statutory judgment, which, by operation of law, springs into being upon the forfeiture.

Such, then, is the legal effect of the forfeiture, without any order or judgment of the court thereon. Hence, there is no order or judgment of a court of record to complain of, through a writ of error. And such was the opinion of the Supreme Court of Alabama in a like case. (*Taylor et al. vs. Powers, use, &c.*, 3 *Ala. R.* 285. See, also, *McNutt et al. vs. Wilcox & Farn*, 3 *How. Mis. R.* 421.)

The cases cited to the contrary by the counsel for the plaintiffs in error, where the court entertaining the writ of error, looked to the original proceedings and final judgment, and finding them erroneous, held the second judgment also erroneous, as a dependant one, are all cases where the second was in fact the judgment of a court of record obtained after notice to the obligors in the forthcoming bond and motion against them in court. Those cases, therefore, have no bearing upon the question we have been considering.

In the view we have thus taken, we are of opinion that the writ of error improvidently issued in this case, and it must therefore be dismissed.