## FRAZIER vs. McQUEEN ET AL.

The statutory judgment upon a forfeited delivery bond merges and extinguishes the original judgment, as held in *Smiser et al. vs. Robertson et at.* 16 *Ark.* 599, and previous cases.

### *Error to Chicot Circuit Court.*

GARLAND & RANDOLPH, for the plaintiff.

FOWLER & STILLWELL, for the defendants.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

On the 3d March, 1858, the defendants in error recovered a judgment against the plaintiff in error, in the Chicot Circuit Court; and on the 30th April following the writ of error was sued out, etc.

The defendants in error have interposed a plea in bar of the writ of error, alleging, in substance, as follows:

That on the 6th of May, 1858, they sued out a *fi. fa.* upon the judgment, returnable to the October term following of the Chicot Circuit Court, which the sheriff levied upon personal property of the plaintiff in error; she, with securities, executed a bond for the delivery of the property, conditioned according to the statute, etc., which was returned forfeited, and the *fi. fa.* unsatisfied, etc., and thereby became a judgment, etc., and merged the original judgment, etc.

The plaintiff in error filed a replication of *nul tiel record* of the *fi. fa.*, return, etc., etc., to which issue was taken, and submitted to the Court upon a transcript of the execution and return, including the delivery bond, etc.

There appears to be no substantial variance between the facts alleged in the plea, and those proven by the transcript.

The statutory judgment upon the delivery bond merged and extinguished the original judgment, and hence the plaintiff in error is barred from further prosecuting her writ of error thereto, as heretofore held by this Court. *Pillips et al. vs. Wills, Pease & Co.*, 14 *Ark.* 595; *Dougherty vs. McDonald, Ib.* 597; *Smiser et al. vs. Robertson et at.*, 16 *Ib.* 599.

The finding and judgment upon the plea must be in favor of the defendants in error, etc.