CISSNA and Others *v.* HAINES and Others.

The taking of a new note and mortgage will not operate as an extinguishment of the debt evidenced by the former note and mortgage, nor as a satisfaction of the same, if said note and mortgage were received as mere collateral security for the pre-existing debts, unless superior equities have intervened.

Where a debt, evidenced by a note, and secured by a mortgage, is renewed by the amount of principal and interest being embraced in a new note, which is also secured by an additional mortgage, by way of further security, and a general judgment is recovered on the latter note, the legal effect is to merge both notes in said judgment, that being a higher security, and said judgment should be the foundation of any action for further relief on account of the same debt.

In a decree for the sale of various parcels of lands, incumbered by successive mortgages, and then transferred in fee to different purchasers, the first mortgagee is entitled to the speediest mode of collecting his money, and the Court should therefore direct that they should be *offered* for sale, not that they should be *sold*, in the order required by established rules of law or equity.

APPEAL from the *Warren* Circuit Court.

HANNA, J.—The record in this case is exceedingly volumin-

Cissna and Others *v.* Haines and Others.

ous, but presents only three points upon which any question is here made, and will be no further noticed than may be necessary to an examination of those points.

By the record, it appears that, on the 10th day of *August*, 1852, *Mary Benjamin* sold to *West & Hunter* about 400 acres of land, in *Warren* county, *Indiana*, and took a mortgage on the same to secure the unpaid purchase-money. *West & Hunter*, on the 17th of *March*, 1857, sold a part of said land to one *Gwinn*, who agreed, as a part of the consideration, to pay 1,000 dollars still due of the purchase-money. Of the land so purchased by *Gwinn*, one *Buell*, on the 22d day of *August*, 1857, bought a portion at sheriff's sale on a judgment against said *Gwinn*, (the execution having become a lien on said land on the 23d of *April*, 1857), and, as he averred, without any notice of the agreement of said *Gwinn* to pay said mortgage debt. *West & Hunter*, on the 16th day of *November*, 1853, had sold another part of said land to one *Mitchell*, who, to secure a debt, mortgaged the same to *Haines & Harmon*, on the 7th day of *January*, 1857, and afterwards, on the 18th day of *December*, 1858, *Cissna* purchased the same at sheriff's sale on an execution against *Hunter*, on a judgment, the date of which is not given, the same having again passed into his hands in exchange for lands in *Illinois*, conveyed to *Mitchell*. The balance of said original tract was, on the 16th day of *April*, 1860, purchased by one *Chandler*, on an execution against *West & Hunter*, issued upon a judgment recovered at the *April* term, 1858, of the Common Pleas of said county.

So the titles appear to have been at the commencement of proceedings herein, which were initiated by *West & Hunter*, against *Gwinn* and others, to compel a payment of the original mortgage to *Mary E. Benjamin*, and subject certain parts of said lands therein mentioned to the payment thereof. In the meantime, said *Mary* had died, and her debt had been transferred, until it was in the hands of said appellant, *Cissna*.

Such proceedings were had as resulted in a judgment against *Gwinn*, in favor of *West & Hunter*, for the balance of the purchase-money due from him to them, for the part by him purchased, and which sum he had failed to pay on said *Benjamin* mortgage; and also an order, declaring it a lien, &c., on the part of said tract by *Gwinn*, purchased, and not then held, by said *Buell*.

During the progress of the proceedings, *Haines & Harmon*, as junior incumbrancers, filed a pleading, based upon their original note and mortgage from *Mitchell*, and became parties; and, *Chandler*, appellant, also filed a complaint, as well as answers, setting up his rights under the original mortgage, and under the purchase at sheriff's sale.

Each party prayed that the said original mortgage debt might be made out of said lands, other than the part he held. The whole proceedings, if they could have been considered distinct, were on motion consolidated.

It was set up in answer, by appellant, to *Haines and Harmon's* demand on this mortgage and note, that the same had been satisfied, discharged and merged, in this; that said *Haines & Harmon* had taken from *Mitchell* a new note, and a mortgage on described lands in *Illinois*, in lieu and discharge of the note, &c., now set up; that the amount of principal and interest of the old debt had been calculated and included in the new note and security, together with other debts; that this second note and security was executed on the occasion of an exchange of lands between *Mitchell* and *Hunter*, by which the lands, formerly mortgaged by *Mitchell*, lying in *Indiana*, were transferred to *Hunter*, and those included in the second mortgage were transferred to *Mitchell*.

To this there was a reply, that the new note and mortgage, although they included the old debt, were given and received only as collateral security, and not in lieu or discharge of the same; but were to operate as a satisfaction of the amount se-

cured by said second mortgage, "so far as they proved suffi-
cient to pay said sum, with interest and costs;" and that a
judgment had been recovered thereon in *Illinois,* and said
lands there situate sold to *Jacob Haines* on said judgment of
foreclosure, for, &c., a sum not sufficient to satisfy said debts;
whereupon, &c. The record of said proceeding is made a
part of the reply.

There was a demurrer to this reply overruled. Trial by
the Court. Judgment for the appellant for the amount due
on the original note and mortgage, and that the equity, &c.,
in the lands described in the latter, be foreclosed. The equity
of redemption of *Mitchell,* &c., in the land mortgaged to *Haines
& Harmon,* was also foreclosed, and the sum on the same
found due, &c.

The following order was also entered as a part of the find-
ing of the Court, to-wit:

"It is further ordered, that for payment of the decree
herein, in favor of the said *William Cissna,* said land be sold
in parcels, in the order following, to-wit, till said decree and
costs be paid."

Said order then designates, first, the lands sold to *Gwinn,*
except that purchased by *Buell;* second, that purchased by
*Chandler;* third, that purchased by *Buell;* fourth, that sold to
*Mitchell,* and afterwards mortgaged to *Haines & Harmon,* and
subsequently purchased by said *Cissna.*

Three points are made upon this record. 1. Upon the
ruling on demurrer. 2. On the admission of evidence. 3.
On the order of sale.

It is urged that the appellees, by taking the new note and
mortgage, extinguished their debt, and if not, certainly their
lien, held by virtue of the mortgage first executed to them
by *Mitchell;* and if in this appellant is mistaken, then, taking
the judgment in *Illinois* on said note and mortgage last exe-
cuted was a merger of the debt secured by the said *Mitchell*

mortgage; and, consequently, no other suit could be maintained for that debt, unless based upon said judgment.

The evidence is not in the record; but the question is presented on the demurrer to the reply. It may be true, as averred in the answer, that a new note and mortgage were taken; but they would not operate as an extinguishment of the debt, evidenced by the old note and mortgage; nor as a satisfaction of the same, if, as replied by the holders, said new note and mortgage were received as mere collateral, or additional security, for the due performance of the promise, unless superior equities intervened.

A somewhat more difficult inquiry is presented on the question of merger, in consequence of the form of judgment taken on the foreclosure of the mortgage in *Illinois*. The judgment is general for the recovery from the defendants, *Mitchell* and wife, of the sum of, &c., damages, and that plaintiff should have a writ of special execution against the lands described in the mortgage as lying in *Illinois*.

It appears to us that the notes taken by *Haines & Harmon* of *Mitchell*, may be treated as evidences of the debt due from him; and the several mortgages taken, were but securities for the payment of the sum ·acknowledged to be due by said notes. The mortgages may have been, as alleged, additional security, and could be proceeded upon as such. But we think, that as the original sum due was carried forward from one note, the first, into the second, and judgment, in the form set forth, was recovered on said second note, it merged the right to proceed upon said second note in a subsequent suit, because the debt thereby evidenced had assumed a record, or more solemn form. As the debt was thus evidenced, and carried forward by these several notes, we are not able to per ceive but that the merger of the right of action on one, merged it as to both; and, consequently, if resort should be had to other securities than the one named in that proceed-

ing, the judgment so obtained for said debt should be the foundation upon which to rest any additional proceedings, and not the original debt or note.

As to the question on the admission of evidence: The note offered in evidence on the trial, and that described in the complaint, of *Haines & Harmon*, and of which a copy was annexed thereto, differed in some particulars; but not in any thing so material, that an amendment would not have been permitted below on the trial, and will be considered here as having been made.

As to the third point, based upon the order of sale. It is manifest that, as a mere holder of a part of the lands affected by the order, *Cissna* has no cause of complaint in reference thereto. The lands he holds are the last resorted to for payment. But as holder of the original mortgage debt, he had a right to the speediest mode of making his money out of the fund, being the land, thus pledged as a security for the due performance of the promise, unless there were intervening equities.

If the order had directed the *offer* of the lands in designated parcels, it could not have been said that it interfered with the speedy collection of the debt; but as it requires the lands to be *sold*, in the order named, it might perhaps operate as a postponement of the day when said debt could be thus realized. Were there reasons for such order? The equities existing between the various purchasers of said lands, it seems to us, required the lands to be offered in the manner designated by the order complained of, especially when we consider the form of the debt sought to be collected.

*Per Curiam.*—The judgment is reversed as to that part decreeing in favor of *Haines & Harmon*, and ordered back for further proceedings, not inconsistent with this opinion.

*Joseph H. Brown* and *James Park*, for the appellant.

*Daniel Mace*, for the appellees.