HEROD ET AL. *v.* SNYDER.

SET-OFF.—A purchaser of personal property, sold with a warranty of soundness, executed his note for the purchase-money to the vendor, and the latter assigned the note. Pending a suit by the assignee, the maker sued the payee for a breach of his warranty, and recovered judgment. He then pleaded the judgment as a set-off.

*Held,* that the judgment was a proper set-off, the note not being negotiable by the law merchant.

WARRANTY.—*Pleading.*—It is a good reply to the defence of a breach of warranty pleaded to a suit upon a promissory note given for personal property, that a judgment has been recovered by the maker of the note for the damages sustained by such breach of warranty.

From the Bartholomew Circuit Court.

*W. W. Herod* and *F. Winter*, for appellants.

*S. Stansifer*, for appellee.

PETTIT, J.—This suit was brought by the appellee, John F. Snyder, against the appellants, Augustus W. Herod and William E. Herod, on a promissory note and the assignment thereof, as follows:

" $34.00.                    COLUMBUS, April 10th, 1871.

" Two months after date, we promise to pay to the order of W. H. Newby thirty-four dollars, value received, without any relief from valuation and appraisement laws of the State

of Indiana; if this note be collected by suit, the judgment shall include the reasonable fee for plaintiff's attorney.

" A. W. HEROD.

" WM. E. HEROD."

Endorsed: " For value received, I assign the within note to John F. Snyder.                    W. H. NEWBY."

The case was appealed to the circuit court, where a regular and proper complaint was filed on the note, to which the defendants answered in two paragraphs.

The first paragraph is, in substance, that said William E. Herod signed the note as surety for Augustus W. Herod; that the note was given for part of the consideration for a horse sold by Newby, the payee of the note, to Augustus W. Herod. It is averred that Newby warranted the horse to be sound, when he was unsound and wholly worthless.

The second paragraph is pleaded as a set-off, and, after stating the averments of the first paragraph, it is alleged that said Augustus W. Herod instituted an action against said Newby, on said warranty, and recovered a judgment for thirty-five dollars, which amount appellants offered to set off against so much of appellee's claim. A transcript of the judgment against Newby is made a part of this answer, and it shows that the action was commenced on the 27th of March, 1872, after the suit of appellee against appellants was pending.

Snyder demurred severally to the paragraphs of answer, which was sustained as to the second and overruled as to the first paragraph. A reply was then filed to the first paragraph of answer, in substance, as follows: The note was given for a balance of purchase-money for a horse sold by Newby to Augustus W. Herod, who, after the pendency of appellee's action, and after the assignment of the note in suit by Newby to Snyder, and after notice thereof by said Herod, instituted an action on said warranty against said Newby before a justice of the peace, on the warranty set up in the answer, and recovered a judgment for eight dollars and costs, which judgment stands in full force, unappealed from.

A demurrer, for want of sufficient facts, was filed and overruled to this reply.

The only questions in the case are:

1. Was the second paragraph of the answer sufficient?

2. Was the reply to the first paragraph of the answer sufficient?

The second paragraph of the answer is a set-off of a judgment recovered on a warranty of the property sold by the payee of the note to the purchaser of the property, the principal debtor in the note. The damage for the breach of warranty had been reduced to a judgment, but this did not prevent setting off the judgment against the note. We cite the following cases, which sustain this ruling: *Chipman* v. *Martin*, 13 Johns. 240; *Day* v. *Leal*, 14 Johns. 404; *Clapp* v. *Meserole*, 38 Barb. 661; *Storer* v. *Storer*, 6 Mass. 390; *Stockwell* v. *Walker*, 3 Ind. 215; *Cissna* v. *Haines*, 18 Ind. 496; *Rawley* v. *Hooker*, 21 Ind. 144.

We think it is clear, that a recovery for a breach of warranty of property sold does not prevent the setting off of a judgment so recovered against a note given for such property, when suit is brought on the note, where it is not governed by the law merchant.

The court erred in sustaining the demurrer to the second paragraph of the answer; for which the judgment must be reversed.

The demurrer to the reply to the first paragraph of the answer was properly overruled. The damage for the breach of warranty had once been assessed by competent judicial authority, and could not, in another action, be again assessed, tried, or determined. *Nicholl* v. *Mason*, 21 Wend. 339; *Thomas* v. *Rumsey*, 6 Johns. 26; *Alexander* v. *Fink*, 12 Johns. 218; *Besley* v. *Palmer*, 1 Hill N. Y. 482; *Andrews* v. *Smith*, 9 Wend. 53; *Millard* v. *Whitaker*, 5 Hill N. Y. 408; *Taylor* v. *Bryden*, 8 Johns. 173; *Andrews* v. *Montgomery*, 19 Johns. 162; *Boston India Rubber Factory* v. *Hoit*, 14 Vt. 92; *Napier* v. *Gidiere*, Speers Eq. 215; *Colt's Estate*, 4 Watts & Serg. 314; Waterman Set-Off, 75; *Cissna* v. *Haines*, 18 Ind. 496; *Raw-*

*ley* v. *Hooker*, 21 Ind. 144 ; *Ault* v. *Zehering*, 38 Ind. 429 ; *Bangs* v. *Watson*, 9 Gray, 211 ; *Rindge* v. *Breck*, 10 Cush. 43 ; *Temple* v. *Scott*, 3 Minn. 419.

The judgment is reversed, at the costs of the appellee, with directions to overrule the demurrer to the second paragraph of the answer.

Petition for a rehearing overruled.