## HEROD ET AL. *v.* SNYDER.

PLEADING.—*Set-off.*— *Judgment by Justice.*— *Payment.*—*Costs.*— *Puis Darrein Continuance.*—*Practice.*—*Demurrer.*— *Motion to Strike Out.*—In an action wherein a judgment rendered by a justice of the peace, for the defendant and against the plaintiff, for a certain sum as damages, and a certain other sum as costs, was pleaded as a set-off, the plaintiff replied, that,

as to such costs, he had paid the same to such justice, who had paid the same to the persons entitled thereto.

*Held*, on demurrer, that the reply is sufficient.

*Held*, also, that such justice had a right to so receive and pay over such costs.

*Held*, also, that, by such payment, such judgment was, *pro tanto*, extinguished.

*Held*, also, that payment made after the filing of such set-off could be pleaded.

*Held*, also, that an objection that such reply should have been pleaded *puis darrein continuance* is not presented by the demurrer, the appropriate remedy being by a motion to strike out.'

SAME.—*Payment After Suit Brought.*—Payment of a debt sued for, made after the commencement of the action, may be pleaded in bar of the further maintenance of the action.

From the Bartholomew Circuit Court.

*W. W. Herod* and *F. Winter*, for appellants.

*S. Stansifer*, for appellee.

WORDEN, J.—This was an action by the appellee, against the appellants, upon a promissory note not governed by the law merchant, executed by the appellants, Augustus W. Herod and William E. Herod, to W. H. Newby, and by the latter endorsed to Snyder.

The defendants pleaded by way of set-off, in substance, that William E. Herod was only a surety upon the note; that the consideration of the note was a part of the purchase-money for a horse purchased by Augustus W. Herod from Newby; that Newby warranted the horse to be sound, whereas he was unsound; that afterwards, said Augustus W. sued Newby for the breach of warranty before a justice of the peace, and recovered judgment in that action for the sum of eight dollars damages and twenty-five dollars costs.

The case has once before been in this court, and it was decided that the above paragraph was good. *Herod v. Snyder*, 48 Ind. 480.

After the case went back from this court, the plaintiff, " as to the costs sought to be set off by said answer," replied, that all of the judgment, except the sum of eight dollars, was for the costs in said action against Newby,

and that the same was all paid by said Newby to the said justice, on the — day of ——, 1873, and that the justice had paid the same to the officers and parties entitled thereto.

A demurrer was filed to this paragraph of reply, for want of sufficient facts, but was overruled, and exception taken.

Trial; verdict and judgment for the plaintiff.

The only question made here arises upon the ruling below, in overruling the demurrer to the replication.

The reply, it will be seen, only purports to avoid the set-off so far as the judgment for costs sought to be set off is concerned; and if good to the extent to which it is pleaded, the demurrer was correctly overruled.

We think the reply was good, and the demurrer correctly overruled. The judgment for costs, if paid, was extinguished, and could not be in any manner again enforced, either by way of set-off or otherwise.

It may be conceded that the judgment for costs, which Augustus W. Herod recovered against Newby, was his own; that it did not belong to officers or witnesses. The judgment for costs which the plaintiff in that action recovered was as much his own property as the judgment for the damages.

The theory is, that a party to an action is supposed to pay the costs which he makes to the witnesses and officers; if he does not pay them he becomes liable to such witnesses and officers for them, and if he recovers in the action, he recovers from the opposite party the amount of costs which he has thus paid or for which he has thus become liable.

But the costs thus sought to be set off were paid by the defendant in that action to the justice of the peace before whom the judgment was rendered, as was alleged in the reply. If the justice had no authority to receive them, and the payment has been in no way ratified by the plaintiff in that action, the payment is a nullity, and does

not discharge the judgment therefor. But, on the other hand, if the justice had authority to receive them, the payment discharged the judgment therefor.

The 114th section of the justice's act, 2 R. S. 1876, p. 638, provides, that "Justices shall receive all money collected on process by them issued, and all money tendered them on any judgment on their docket, or any docket in their possession, and shall pay over the same on proper demand to the person authorized to receive the same; and for failure so to pay the same, he shall be liable on his official bond for such money, with interest thereon from the time of such demand, and twenty per cent. in damages in addition."

It is thus seen, that the justice had authority to receive the money.

But it is claimed, that the reply was bad, because it showed that the payment was made after the answer of set-off was filed. The answer was filed at the January term of the court, 1873, and the reply alleges that the payment was made in 1873, without stating any particular time in the year. Assuming that the payment was made after the answer was filed, we do not think the reply was for that reason bad. The reply did not purport to be pleaded in avoidance of any thing but the judgment for costs thus pleaded as a set-off; and, if those costs had been paid as alleged, the judgment was thus far extinguished.

We apprehend that a party sued for a debt may plead payment of the debt after the suit is brought, in bar of the further maintenance of the action.

But it is objected, that the reply should have been pleaded *puis darrein continuance.*

If there is any thing in this objection, we do not think the defect was reached by a demurrer for want of sufficient facts. A motion to strike out, it seems to us, would have been the appropriate remedy.

The judgment below is affirmed, with costs.