## GOULD ET AL. *v.* HAYDEN ET AL.

JUDGMENT.—*Action Upon.*—A judgment is a debt of record, upon which an· action may be maintained, either in the court which rendered such judg-- ment or in any other court of competent jurisdiction; and the judgment plaintiff may at once renew his action, *ad infinitum,* upon each successive· judgment thus recovered.

SAME.—*Last Judgment Merges Preceding.*—Where a judgment is thus re- covered upon a judgment, the latter is merged in the former, and all of its liens or priorities are released.

SAME.—*Lien.—Execution.—Injunction.*—Where a judgment is recovered in· a court of competent jurisdiction in another State, upon a judgment previously rendered in this State, the latter is merged in the former, all of its liens or priorities upon lands in this State are abandoned, and the owner· of such lands may enjoin a sale of the same upon an execution issued thereon.

From the Union Circuit Court.

*L. H. Stanford, J. E. Tucker* and *C. L. Seward,* for ap- pellants.

*C. H. Burchenal* and *B. Burke,* for appellees.

Howk, C. J.—In this action the appellees, as plaintiffs, sued the appellants, as defendants, in a complaint of two paragraphs.

In the first paragraph of their complaint the appellees alleged, in substance, that, on the 25th day of March, 1869, Louis Stix, Joseph L. Swartz and Nathan Stix, partners under the name of Louis Stix & Co., in the court of common pleas of Union county, Indiana, recovered a judgment against one Louisa J. Johnson for the sum of five hundred and eighty-four dollars and twenty-nine cents, and the costs of suit, which judgment was duly entered on the order book and judgment docket of said court; that, at the time of the rendition of said judgment, said Louisa J. Johnson, as the widow of one Robert B. Johnson, late of said county, deceased, was the owner of the undivided one-third part of certain real estate, particularly described, in said Union county, of which said Robert B. Johnson was seized at the time of his death; that, on the 28th day of July, 1869, the administrator of said Robert B. Johnson, deceased, by virtue of an order of said court of common pleas, sold the undivided two-thirds part of the different parcels of said real estate to certain persons named in said paragraph, and executed to said several purchasers deeds of conveyance therefor; that the said Louisa J. Johnson at the same time sold and conveyed, by good and sufficient quitclaim deeds, her undivided one-third part of said several parcels of said real estate to the same purchasers; that afterward, by virtue of sundry conveyances made by the said several purchasers, the appellees became the owners, in fee-simple, of all the said several parcels of said real estate; that, after the execution of the said several conveyances by said Louisa J. Johnson, and while the said judgment against her remained unsatisfied, to wit, on the —— day of ————, 18—, the said Stix & Co., being the owners and holders of said judgment, took a certified

transcript thereof, and brought suit thereon in the court
of common pleas of Warren county, in the State of Ohio,
having jurisdiction of the said cause of action, against the
said Louisa J. Johnson; that said Louisa J. Johnson ap-
peared to and defended said action, and such proceedings
were therein had, as that, on the 25th day of March, 1876,
a judgment was therein rendered by said last named court
against said Louisa J. Johnson for the sum of eight
hundred and twenty-nine dollars and seventy eight cents,
being the amount of the principal, interest and costs ac-
crued on said first named judgment; and that then and
there and thereby the said first named judgment became and
was merged in said last named judgment, and thereby be-
came and was and still was wholly satisfied and discharged;
that said last named judgment had since been credited with
the sum of four hundred dollars, paid July 28th, 1876, by
said Louisa, but the residue thereof remained unsatisfied
and in full force, in said Warren county, Ohio; that, not-
withstanding the said merger, satisfaction and discharge
of said first named judgment, the said Louisa J. Johnson,
for the purpose of oppressing the appellees, and causing
the whole or a part of said judgment to be made out of
the property of the appellees, instead of paying the same,
procured the appellant Charles L. Seward, who then and
there had full knowledge of all said facts, to pay said
Stix & Co. a sum of money, or make some arrangement, in
consideration whereof said Stix & Co., on the 28th day
of August, 1876, executed to the appellant Seward an
assignment of said first named judgment, which assign-
ment was attached to the record thereof; that the appellant
Seward, in furtherance of said purpose, had caused an exe-
cution to be issued on said judgment, out of the clerk's
office of the court below, which execution came to the
hands of the appellant Gould, as sheriff of said county, on
the 29th day of August, 1876; that the said Gould, as such

sheriff, by the procurement of said Seward, had levied said execution on the undivided one-third part of each of said parcels of real estate, as the property of said Louisa J. Johnson, and had advertised said real estate, according to law, to be sold as the property of said Louisa J. Johnson, by virtue of said execution, at the court-house door of said county, on the 1st day of November, 1876, and, unless restrained by said court, he would sell, at said time and place, the said undivided one-third part of said parcels of real estate, and apply the proceeds to the payment of said judgment; that such sheriff's sale would cast a cloud upon the appellees' titles to such real estate, and would impair the value and salableness thereof, and would inflict great injury on each and all of them; and the appellees prayed for a temporary restraining order, and, upon the final hearing, for a perpetual injunction against the appellants and each of them, etc.

The second paragraph of the complaint set up substantially the same facts which were alleged in the first paragraph thereof, and, in addition thereto, the appellees alleged, in said second paragraph, in substance, that, when the said Stix & Co. brought suit on the certified transcript of their first described judgment, against said Louisa J. Johnson, in said court of common pleas of Warren county, in the State of Ohio, they, the said Stix & Co., filed an affidavit in said suit, and thereon sued out an order of attachment against the property of said Louisa J. Johnson, directed to the sheriff of said Warren county; that, by virtue of said order of attachment, the said sheriff, on the 13th day of May, 1871, in accordance with the laws of said State of Ohio, seized and attached the undivided interest of said Louisa J. Johnson in certain real estate in said Warren county, then and there of the value of eight hundred dollars, and then and there appraised at said sums, and made due return of said order of attachment, with

his said proceedings endorsed thereon, on the 15th day of May, 1871; and that afterward, on the 26th day of July, 1876, the said Louisa J. Johnson having on that day obtained a credit of four hundred dollars on said judgment against her, in the court of common pleas of said Warren county, it was then and there, by the consent of all the parties to said judgment, ordered by said court, that the residue of the property attached in said suit should be released and discharged from all claims thereon of said judgment plaintiffs, by virtue of said proceedings in attachment. Wherefore, etc.

To each of said paragraphs of complaint the appellants demurred, upon the ground that it did not state facts sufficient to constitute a cause of action, nor to entitle the appellees to the relief prayed for therein, either in law or equity, which demurrers were severally overruled, and to these decisions the appellants excepted.

The appellants jointly answered the appellees' complaint by a general denial thereof.

The issues joined were tried by the court, without a jury, and a finding made for the appellees.

The appellants' motions for a new trial, and in arrest of judgment, were severally overruled, and to each of these decisions the appellants excepted; and judgment was rendered for the appellees, as prayed for in their complaint.

In this court, the appellants have assigned the following alleged errors of the court below:

1. That the appellees' complaint did not state facts sufficient to constitute a cause of action;

2. The circuit court erred in overruling the appellants' demurrer to the original complaint;

3. The circuit court erred in overruling the demurrers to the first and second paragraphs of the complaint;

4. The circuit court erred in overruling the appellants' motion for a new trial;

5.   The circuit court erred in overruling the appellants' motion in arrest of judgment; and,

6.   The circuit court erred in granting the injunction set out in the record.

The main question presented for decision by the record of this action, and the appellants' assignment of errors thereon, may be thus stated :

Was the judgment first rendered in the court of common pleas of Union county, in this State, in favor of said Louis Stix & Co. and against said Louisa J. Johnson, so merged and absorbed in the judgment afterward rendered thereon in the court of common pleas of Warren county, in the State of Ohio, as to destroy the lien, vitality and other qualities of the first named judgment ?

It seems very clear to us, that this question must be answered in the affirmative. A judgment is a " debt of record;" and, whether foreign or domestic, an action may be maintained thereon for the recovery of such debt, even where it might appear that the judgment plaintiff could enforce the collection of his judgment by an execution issued out of the court in which it was rendered.   *Davidson* v. *Nebaker*, 21 Ind. 334.   The judgment plaintiff, of course, controls his judgment.   He may enforce its collection by the process of the court in which he obtained his judgment, or he may, if he may elect so to do, use his judgment as an original cause of action, and bring suit thereon in the same or some other court of competent jurisdiction, and prosecute such suit to final judgment.   This procedure he may pursue as often as he elects, using the judgment last obtained as a cause of action on which to obtain the next succeeding judgment; but the very freedom with which this may be done, *ad infinitum*—and we know of no law or legal principle which would prevent its unending repetition—is, to our minds, a convincing and conclusive reason why each successive personal judgment ought to and must

be regarded as a complete merger and extinguishment of the preceding judgment, with all its qualities and incidents. Each successive personal judgment is a new "debt of record," in which the precedent debt, though theretofore evidenced by a judgment, is as completely merged and absorbed as it would have been if it had been evidenced by note, bill, bond, or any other evidence of debt. If the precedent judgment is merged, as we think it must be, in the succeeding judgment, then it follows of necessity, as it seems to us, that the former judgment is completely extinguished. It has ceased to exist for any purpose; it can not be used again as the foundation of another action, and all its qualities and incidents are lost and swallowed up in the judgment obtained thereon. This is so, without regard to the "dignity" of the courts in which the respective judgments may have been rendered. The modern, and we think the better, doctrine on the subject under consideration is thus stated in Freeman on Judgments, sec. 215:

"The new judgment, though inferior as an instrument of evidence to the old one, and not attended by the same liberal, jurisdictional presumptions, ought, nevertheless, to entirely supplant the old one, because it is the most recent judicial determination of the rights of the parties, and because the plaintiff has voluntarily elected to abandon his former judgment to secure one which, though in an inferior court, is conclusive in favor of the continuance and amount of his claim."

In section 216 of the same excellent treatise, it is further said:

"The weight of authority in the United States shows that whatever may be a cause of action will, if recovered upon, merge into the judgment or decree. A contract by specialty merges into a judgment in the same manner as a simple contract. A judgment is extinguished.

when being used as a cause of action, it grows into another judgment."

It is further said, in section 388 of the same treatise, that " The merger occasioned by one judgment being recovered upon another, as it extinguishes the judgment sued upon, as a cause of action, also destroys its effect as a lien."

In support of the conclusion we have reached in the case at bar, the appellees' counsel have referred us, in their able and exhaustive brief, to the following authorities, which we have found upon examination to be fairly in point, and therefore cite them : *Purdy* v. *Doyle*, 1 Paige, 558, 561 ; *Denegre* v. *Haun*, 13 Iowa, 240 ; *Whiting* v. *Beebe*, 7 Eng. 421, 549 ; *Chitty* v. *Glenn*, 3 Mon. 425 ; *Frazier* v. *McQueen*, 20 Ark. 68 ; *Neale* v. *Jeter*, 20 Ark. 98 ; *Bank of the U. S.* v. *Patton*, 5 How. Miss. 200 ; and *Brown* v. *Clarke*, 4 How. U. S. 4.

We are aware that there are respectable authorities, which are in conflict with our conclusion in this case; but it has seemed to us, after a careful consideration of the main question involved, that our decision thereof is in harmony with and supported by the weight of modern authority, that it is just and right in principle, and that, as a rule of law, it will best subserve and protect the rights of all parties.

The appellants' counsel have laid great stress, in their argument, upon the case of *Stockwell* v. *Walker*, 3 Ind. 215 ; but the point in judgment in that case is not in conflict with our decision of this case. In the case cited, a judgment had been revived upon a *scire facias*, and the real question for decision was, whether or not the original judgment was merged in the judgment of revivor, and the court, very properly we think, decided that it was not so merged. The judgment of revivor simply revived, or gave vitality to, the original judgment. The judgment of revivor did not become a new debt of

record, but merely revived the old debt of record. This latter doctrine was recognized and approved by this court, in the more recent case of *Armstrong* v. *McLaughlin*, 49 Ind. 370; but, in this latter case, it is apparent we think, from the language of the opinion, that if the record had shown that a new judgment had been rendered on the old judgment, as a cause of action, the court would then have held that the old was merged in the new judgment.

In our opinion, the appellees' complaint, in the case now before us, stated facts sufficient to constitute a cause of action, and therefore the court did not err in overruling either the demurrers to the complaint or the motion in arrest of judgment.

In their argument of this cause, the appellants' counsel, in considering the alleged error of the court in overruling their motion for a new trial, insist, that the court erred in admitting in evidence the certified transcript of the judgment of the court of common pleas of Warren county, Ohio. But the appellants have failed to point out any objection, and we can see none, to the admission of this transcript in evidence.

We find no error in the record of this cause, of which the appellants can justly complain.

The judgment is ffiarmed, at the appellants' costs.

Petition for a rehearing overruled.