Filed April 19, 1884.

---

### No. 11,259.

### BROWN, ADMINISTRATOR, *v.* DARRAH ET AL.

PROMISSORY NOTE.—*Assignment.*—*Judgment.*—The assignment of a note, after it has been allowed as a claim against an estate, transfers nothing to the assignee.

From the White Circuit Court.

*F. M. Trissal* and *R. Gregory*, for appellant.

*A. W. Reynolds* and *E. B. Sellers*, for appellees.

HAMMOND, J.—The appellant's complaint was in two paragraphs, to each of which the appellees demurred for want of facts sufficient to constitute a cause of action. The demurrer was overruled to the first, and sustained to the second paragraph. The appellant then withdrew the first paragraph, and, declining to amend the second, judgment was rendered for the appellees for costs. The sufficiency of the second paragraph of the complaint is the only question for our consideration. The object of this paragraph was to enforce a vendor's lien. The facts alleged, so far as important, were that John Darrah, in 1864, executed a note to Walter N. Evans for the unpaid purchase-money of certain real estate. Darrah died in 1866. His widow, the appellee Margaret Darrah, was appointed administratrix of the estate. The note was filed and duly allowed against his estate. The estate was afterward settled without the payment of the allowance, although there was real estate which might have been

made assets for that purpose.   After the note was allowed as a claim against the estate, it was assigned by endorsement to the appellant's intestate.   The real estate for which the note was given is owned by the appellees, subject, as is claimed by the appellant, to the vendor's lien which is sought to be foreclosed in this action.

It is insisted by the appellees that the facts do not show that the appellant's intestate acquired by the assignment of the note, after its allowance against Darrah's estate, any interest in the claim upon which the suit is based.

A judgment operates as a merger of the cause of action upon which it was rendered.   *Cissna* v. *Haines*, 18 Ind. 496 ; *Root* v. *Dill*, 38 Ind. 169 ; *Ault* v. *Zehering*, 38 Ind. 429 ; *Gould* v. *Hayden*, 63 Ind. 443 ; *Marshall* v. *Stewart*, 65 Ind. 243 ; *Evansville Gas-Light Co.* v. *State, ex rel.*, 73 Ind. 219 (38 Am. R. 129) ; *Manns* v. *Brookville Nat'l Bank*, 73 Ind. 243. The allowance against Darrah's estate of the note given for the purchase-money had " the full force of a regular judgment in any court."   Section 67 of decedents' act of 1852, 2 R. S. 1876, p. 516.   A claim allowed against an estate becomes merged in the allowance.   *McClure* v. *McClure*, 19 Ind. 185 ; *Jenkins* v. *Jenkins*, 63 Ind. 120.   The assignment of a promissory note after judgment is rendered upon it does not transfer the judgment.   A note merged in a judgment, in legal contemplation, has ceased to exist ; it is extinguished by the judgment, and its subsequent assignment transfers nothing to the assignee. *Ward* v. *Haggard*, 75 Ind. 381 ; *Wooten* v. *Maultsby*, 69 N. C. 462 ; 1 Dan. Neg. Inst., section 728.

No doubt a judgment may be assigned by parol so as to transfer the equitable title.   But the complaint fails to aver any assignment whatever, in any manner, of the allowance which was made upon the note.   The facts stated in the second paragraph of the complaint do not show any right of action in the appellant, and the demurrer was rightly sustained.

Affirmed, with costs.

Filed April 22, 1884.