Dick *v.* Flanagan, Administrator.

No. 14,037.

DICK *v.* FLANAGAN, ADMINISTRATOR.

PROMISSORY NOTE.—*Note of Third Person in Payment.—Judgment upon.—
Estoppel.*—Where the note of a third person is taken for a pre-existing
debt, which is surrendered, and the holder of the note thus taken elects
to sue and merge the note into a judgment, he will be estopped to say
that he did not take the new note in substitution for and in extinguish-
ment of the old debt.

From the Cass Circuit Court.

*S. T. McConnell* and *D. B. McConnell,* for appellant.
*G. W. Funk* and *D. H. Chase,* for appellee.

MITCHELL, C. J.—The special finding of the court shows
that James McCloskey, late of Cass county, died in the year
1870, leaving a widow and children. He was indebted to
the appellant, Dick, in an amount exceeding five hundred
dollars, for which sum the latter held two notes, which re-
mained unpaid at the time McCloskey died. Subsequently
Rebecca McCloskey, widow of the decedent, no adminis-
trator having been appointed, paid $175 on the indebtedness,
and at the request of the appellant, and to prevent the latter
from enforcing payment from the estate, executed her note,
in which she agreed to pay the amount remaining unpaid,
with an enhanced rate of interest, and also executed a mort-
gage on real estate as security for the debt. Nothing was
said at the time about taking the note of Mrs. McCloskey in
payment of the debt due from the estate, but the old notes
were surrendered up to her, and subsequently judgment was
taken against her for the amount of the note and interest,
and a decree for the foreclosure of the mortgage. Mrs. Mc-
Closkey afterwards died, leaving the judgment unpaid, and
the old notes which the appellant surrendered up to her were
found in her possession, with the name of the payor torn off.

The appellant instituted this proceeding against the estate of James McCloskey to recover the amount remaining unpaid on the original debt.

Upon the facts found the court stated conclusions of law adverse to the appellant.

It is undoubtedly true that taking the note of a third person for a pre-existing debt is no payment, in the absence of an express agreement that it shall be taken as payment. *Godfrey* v. *Crisler*, 121 Ind. 203; *Bristol Mfg. Co.* v. *Probasco*, 64 Ind. 406.

The books all agree that there must be a clear and special agreement that the creditor shall take the paper absolutely as payment, or it will be no payment if it afterwards turns out to be of no value. *Johnson* v. *Weed*, 9 Johns. 310; *Ontario Bank* v. *Lightbody*, 13 Wend. 103.

These principles are not, however, controlling in the present case. There is nothing in the special finding, nor in the evidence, to indicate that the note taken was worthless. After taking the note the appellant elected to pursue his remedy upon the new securities which he had taken. He recovered a judgment upon the note and foreclosed the mortgage which he took as security, and it does not appear but that his security was ample and abundant.

Where the note of a third person is taken for a pre-existing debt, which is surrendered up, and the holder of the note thus taken elects to sue and merge the note into a judgment, he will be estopped to say that he did not take the new note in substitution for and in extinguishment of the old debt, especially while the judgment so taken remains, so far as appears, a valid enforceable security.

After one has taken a second or substituted note, and surrendered up the original, and has cut off all defences to the note so taken, either by transferring it to an innocent holder or by himself putting it into a judgment, he will be estopped from taking another judgment against the original debtor on the obligation theretofore surrendered up. *Hooker* v. *Hub-*

*bard*, 97 Mass. 175; *Dewey* v. *Bell*, 5 .Allen, 165; Bigelow Estoppel (5th ed.), 681.

Where a new note and mortgage are taken as collateral security for a pre-existing debt, the new securities, in the absence of an express agreement, will not extinguish the prior debt; but if the new securities are merged into a general judgment, the legal effect is to merge the original debt, and all prior securities into the judgment, which becomes the higher security, and unless it is necessary in order to preserve some superior equity, the original security can not be resorted to as a cause of action. *Cissna* v. *Haines*, 18 Ind. 496; *Ault* v. *Zehering*, 38 Ind. 429; *Brown* v. *Darrah*, 95 Ind. 86; *Ward* v. *Haggard*, 75 Ind. 381.

If the appellant had been permitted to establish his claim against the estate of James McCloskey, he would have had two valid enforceable judgments for the same debt against two different estates. This can not be done without showing some valid legal or equitable ground for it.

There was no error.

The judgment is affirmed.

